# THE SOLOVAY PRACTICE

260 Madison Avenue
New York, New York 10016
(646) 278-4295
nsolovay@solovaypractice.com

March 20, 2015

**Via ECF and E-mail (Failla_NYSDChambers@nysd.uscourts.gov)**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Re:   Geo-Group Communications, Inc.
v. Joseph P. Goldberg, *et al.*
SDNY 15-cv-1756 (KPF)

Dear Judge Failla:

Count 1 of the Complaint before Your Honor seeks Treble Damages which now come to $8,065,974.03 as of March 8, 2015, pursuant to N.Y. Judiciary Law Section 487 for Misconduct by Attorneys based on an arbitration award confirmed by Justice Schweitzer of the New York Supreme Court.  However, in response to a letter and proposed Motion for Sanctions (copies of which are annexed as Exhibit A) from Michael A. Brady, Esq., the lawyer for defendants Hodgson Russ LLP and Joseph P. Goldberg (the "Lawyer Defendants"), I am writing on behalf of the Plaintiff, Geo-Group Communications, Inc. ("GCI") to withdraw that Count for the following reasons:

Mr. Brady claims that a motion seeking sanctions and based on the same misconduct of the Lawyer Defendants is also pending in state court and goes on to argue that a claim under Section 487 for such misconduct must be brought in the specific proceeding where the misconduct occurred.  Although there is contrary authority (see, *e.g.* Justice Bransten's recent decision in Alliance Network LLC v. Sidley Austin holding that the misconduct must be in the same lawsuit but not necessarily the same proceeding before the same judge) GCI is willing to discontinue this Count voluntarily for several reasons:

For one thing Your Honor is still authorized under another count of the Complaint to award the same treble damages as would be available under Section 487.  Moreover, we are copying Justice Schweitzer on this letter and, based on what can be viewed as admissions in Mr. Brady's letter and proposed motion, we are planning to refer this issue back to him and will be asking that Section 487 be taken into account in granting the requested sanctions against the Lawyer Defendants.

We believe Justice Schweitzer is likely to comply with that request because of his hands on knowledge that the misconduct of the Lawyer Defendants was and continues to be of a serious nature involving their representation at the expense of their purported client, Jaina, of the shareholder/financers of Jaina and others including the defendants in the present action

THE SOLOVAY PRACTICE

The Honorable Katherine Polk Failla
March 20, 2015
Page 2

(hereinafter the "New Defendants) who are there real clients.  In fact, GCI at first had attempted to add the New Defendants to the proceedings before Justice Schweitzer because of his familiarity with the case and because the pending motion before him also demonstrates quite conclusively the validity of the pending charges now before Your Honor, most serious of which being that the New Defendants are essentially thieves and that the Lawyer Defendants had to have known that the affidavits they were drafting on their behalfs were false.

However, when those and other claims were first presented in the motion before Justice Schweitzer they were met with a blizzard of new lies and denials and various almost bizarre cross claims which posed, technical procedural obstacles and required the commencement of the present new action in this Court.

Because these cross claims and defenses are certain to be raised here as well we are providing copies of GCI's pending New York Supreme Court motion and reply affidavits.  With particular reference to my February 2, 2015 moving affirmation and its attached Appendix, they provide compelling proof that the Lawyer Defendants' affidavits knowingly included clear and deliberate falsehoods, and demonstrate the defenses and cross claims to be a pack of lies.

Respectfully submitted,

Norman Solovay

cc:   Via NYSCEF E-file and Fax
      The Honorable Melvin L. Schweitzer

      Via ECF and E-mail (MBrady@Hagerty-Brady.com)
      Michael A. Brady, Esq.

      Via NYSCEF E-file
      Joseph P. Goldberg, Esq.
      Gary Heller, Esq.

NS/pb
Encl.

# Exhibit A

# Hagerty & Brady

Attorneys and Counsellors at Law

MICHAEL A. BRADY
THOMAS V. HAGERTY

EDWIN P. HUNTER
of counsel

March 16, 2015

Norman Solovay, Esq.
The Solovay Practice
260 Madison Avenue, 15th Floor
New York, New York 10016

**VIA FEDERAL EXPRESS**

Re:   Geo-Group Communications, Inc. v. Goldberg, et al.
      No. 15-CU-1756 (S.D.N.Y.)
      Our File:  2015-2353

Dear Mr. Solovay:

I have been retained by Hodgson Russ LLP and Joseph Goldberg to defend their interests in this action.  Pursuant to Judge Failla's Individual Rules of Practice, please advise me if you consent to my clients filing a motion to dismiss the claims against them.

In addition, enclosed is a Motion for Rule 11 Sanctions, which is served pursuant to that rule and the Second Circuit's decision in Star Mark Management v. Koon Chun Hing Soy & Sauce Factory, 682 F.3d 170 (2d Cir 2012).  If your client does not withdraw the claims against Hodgson Russ and Mr. Goldberg within 21 days of service, I have been instructed to submit the motion, with additional supporting papers, to the Court.

I look forward to hearing from you.

Very truly yours,

MICHAEL A. BRADY
Mbrady@hagerty-brady.com

MAB:kak
Enc.

69 Delaware Ave. Suite 1010 • Buffalo, New York 14202-3875 • Telephone (716) 856-9443 • Fax (716) 856-0511

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEO-GROUP COMMUNICATIONS, INC.,

                              Plaintiff,

        v.                                              Civil No.:  15-CV-1756


JOSEPH P. GOLDBERG; HODGSON RUSS LLP
RAVI CHOPRA; MAHENDRA SHAH; VIPIN SHAH;
and JOHN DOES 1-5,

---

## MOTION FOR SANCTIONS PURSUANT
## TO FRCP 11(b)(1) AND 11(b)(2)

        PLEASE TAKE NOTICE, that upon supporting declarations and a memorandum

of law, to be submitted at the time this motion is filed, the undersigned will move this Court, at a

date and time to be determined by the Court, for an order imposing sanctions pursuant to

Fed.R.Civ. P. 11 (b)(2) against Norman Solovay and the Solovay Practice, and awarding the

Defendants Hodgson Russ and Joseph Goldberg the costs of responding to the complaint.


        1.      The first cause of action against Hodgson Russ and Goldberg alleges a

claim under New York Judiciary Law § 487.  New York law is clear that a civil claim against an

attorney pursuant to N.Y. Judiciary Law § 487 must be brought in the proceeding in which the

alleged deception, or other substantial misconduct, occurred.  *See, e.g.*, *Chibcha Restaurant Inc.*

*v. Kaminsky & Assoc., P.C.,* 102 A.D.3d 544, 545 (1st Dep't 2013); *Seldon v. Spinnell*, 95

A.D.3d 779, 945 N.Y.S.2d 666 (1st Dep't 2012); *Curtis v. Scherer*, 261 A.D.9d 158, 689 N.Y.S.

2d 99 (1st Dep't 1999); *Yalkowsky v. Century Apartments Assoc.,* 215 A.D.2d 214, 626 N.Y.S.2d

181 (1st Dep't 1995).  The claims against Hodgson and Goldberg are alleged to have arisen in a

Special Proceeding in New York State Supreme Court, *Geo-Group Communications, Inc. v.*

*Jaina Systems Network, Inc.,* No. 652219/2014.

   2.  Furthermore, Plaintiff has already asserted the same claims against

Goldberg and Hodgson Russ in the pending state court proceeding, by a motion for sanctions

pursuant to 22 NYCRR § 130.1.1 and that court's inherent authority.  That pending motion seeks

to sanction Goldberg and Hodgson Russ "for bringing a series of frivolous dilatory proceedings

which included knowingly drafting and submitting affidavits containing material false factual

statements."  The complaint here accuses Goldberg and Hodgson Russ of "deceit, collusion,

bringing of frivolous proceedings with intent to deceive the Court and Plaintiff and subornation

of perjury."  Complaint, ¶ 22.  Though the wording is slightly different, the claims are in all

material respects the same.  The only difference is in this Court Plaintiff has asserted its claim for

treble damages under Judiciary Law § 487.

   3.  The Second Cause of Action naming Goldberg and Hodgson Russ is for

"violation of various sections of Article 10 of New York Debtor and Creditor Law."  Not only

does the complaint fail to allege any facts connecting Hodgson Russ or Goldberg to any alleged

transfer of funds from the firm's client, but New York law is clear, and has been since 1990, that

those statutes (New York Debtor & Creditor Law §§ 270-276) only provide a remedy against the

recipient of the alleged transfer.  *See, e.g., Federal Deposit Ins. Corp. v. Porco,* 75 N.Y.2d 840,

842, 552 N.Y.S.2d 910, 911-12 (1990); *Paradigm Biodevices, Inc. v. Viscogliosi Bros. LLC,* 842

F.Supp.2d 661 (S.D.N.Y. 2012).

4.      In addition, plaintiff appears to have filed the complaint against Goldberg and Hodgson Russ for an improper purpose, in violation of FRCP 11 (b)(1).  Given that a motion based on the same alleged conduct is pending in state court, the Complaint in this action against Hodgson Russ and Goldberg is duplicative.

This Notice of Motion will be served on Plaintiff's counsel, Norman Solovay, Esq., at least 21 days prior to any submission being filed, pursuant to the Second Circuit's decision in *Star Mark Management v. Koon Chun Hing Kee Soy & Sauce Factory*, 682 F.3d 170 (2d Cir. 2012).

Dated:      Buffalo, New York
            March **16**, 2015

                                    HAGERTY & BRADY
                                    *Attorneys for Hodgson Russ LLP and Joseph P.*
                                    *Goldberg*

                                    By: _____
                                          Michael A. Brady
                                    69 Delaware Avenue, Suite 1010
                                    Buffalo, New York 14202
                                    Telephone:  (716) 856-9443
                                    Email:  MBrady@hagerty-brady.com

TO:      **THE SOLOVAY PRACTICE**
         Norman Solovay, Esq.
         260 Madison Avenue, 15th Floor
         New York, New York 10016
         Telephone:  (646) 278-4295

- 3 -