# THE SOLOVAY PRACTICE

260 Madison Avenue
New York, New York 10016
(646) 278-4295
nsolovay@solovaypractice.com

March 30, 2015

**Via ECF and E-mail (Failla_NYSDChambers@nysd.uscourts.gov)**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

      Re: Geo-Group Communications, Inc.
         v. Joseph P. Goldberg, *et al.*
         <u>SDNY 15-cv-1756 (KPF)</u>

Dear Judge Failla:

  This response on behalf of plaintiff, Geo-Group Communications, Inc ("GCI") is submitted in opposition to Michael Brady's March 26th letter to Your Honor seeking leave to bring on a motion to dismiss Count II of the Verified Complaint.

  While explaining why the proposed motion is without merit, GCI is also requesting leave to file an Amended Complaint to eliminate any possible doubt. Moreover, the response concludes with a request for leave to file a motion on behalf of GCI which we believe, if granted, is likely to significantly shorten the proceedings.

  Mr. Brady's March 16th letter had demanded the withdrawal of Count I of the Complaint seeking treble damages pursuant to Section 487 of the New York Judiciary Law for lawyer misconduct against defendants Joseph P. Goldberg, Esq. and his law firm (jointly "New Counsel"). My March 20th response had indicated that, although skillfully presented, GCI believed the demand was wrong but was nevertheless willing to comply as regards Count I for various reasons. These included the possibility of avoiding unnecessary motion practice and the probability of being able to pursue the same claim in the proceedings pending before Justice Schweitzer in the New York Supreme Court.

  However, Mr. Brady's March 26th letter, still seeking leave to move to dismiss Count II, while again skillfully presented, is more clearly wrong than his earlier attack on Count I and would be opposed by GCI if leave were granted. However, to avoid any question at this juncture, GCI is requesting permission from Your Honor to submit the attached proposed Amended Complaint which we believe confirms that the remaining treble damage claim against New Counsel is properly pleaded.

  But before explaining why the proposed supplemental language in the Amended Complaint will clearly eliminate any possible question about the viability of the remaining treble damage claim it would seem appropriate in support of GCI's request for leave to serve the

THE SOLOVAY PRACTICE

The Honorable Katherine Polk Failla
March 30, 2015
Page 2

attached Amended Complaint to point to the principal case cited by Mr. Brady in support of his motion to dismiss, <u>Paradigm Biodevices v. Viscogliosi Brothers</u>, 842 F. Supp. 2d 661 (2012). This Court's decision in the <u>Paradigm</u> case, in granting a motion to dismiss for the reason now asserted by Mr. Brady, nevertheless gave the plaintiff "*leave to move to amend any dismissed claims provided it can adequately allege the factual predicate for such claim....*"

It is likely that no Amended Complaint is required to deny Mr. Brady's request for leave to dismiss the present Count II. His letter does correctly point out that the <u>Paradigm</u> decision dismissed a complaint against a party who was "merely assisting" parties involved in fraudulent conveyances such as those shown to have been made by the shareholder defendants now named as defendants in the present case (herein the "New Defendants"). However, even without amendment, the present Complaint goes beyond alleging "mere assistance"; it charges that New Counsel are now representing the New Defendants rather than their purported client, Jaina which has been rendered essentially non-functional and without funds by the New Defendants and that New Counsel are still nevertheless being paid by the New Defendants. This negates the argument that New Counsel have not "benefited in any way" from the fraudulent conveyance" which was the basis for dismissing the claim in the New York Court of Appeals case, <u>Federal Deposit Insurance Corporation v. Porco</u>, 75 NY 2d 840, cited by Mr. Brady as his other authority.

However, leave to serve and file the proposed Amended Complaint, again verified by GCI's president, Govind W. Vanjani, is being sought out of an abundance of caution to make it clear that the fees New Counsel continues to be paid, whether directly or otherwise, by the New Defendants for New Counsel's continuing extensive legal services, rendered with the intent of hindering, delaying and defrauding GCI, thereby sustaining the treble damage claim.

The concluding further request for relief referred to above is for leave to file a motion for an order of attachment against the New Defendants. Although similar to the request for that relief that was denied in the <u>Paradigm</u> case, there is greater cause for granting it here. It should be noted in connection with the present request that Mr. Brady's otherwise carefully worded letter to Your Honor misstated an important relevant matter by describing the proceedings now pending before Justice Schweitzer as "plaintiff's attempt to confirm an arbitration award against Jaina...." That award was confirmed by an order of Justice Schweitzer in December and many of the funds now sought to be recovered were stolen after that. However, the judgment submitted on that order (a copy of which is annexed for convenient reference) has not been formally entered by virtue of a backlog of several months in the New York County Clerk's office.

As a result of the continuing unavailability of the judgment GCI's efforts to proceed against the New Defendants have been severely hampered while the New Defendants' efforts to secrete stolen funds and shut Jaina down have evidently been proceeding at full speed. Moreover, it is clear that every possible procedural roadblock has been thrown in the way of retrieving the stolen funds and that this is virtually certain to continue. Note, for example in this regard, the annexed report from GCI's process server indicating that the probably principal New Defendant, Ravi Chopra, the original and clearly present client of Mr. Goldberg, is actively trying to evade service of the complaint herein.

Accordingly, it is requested that GCI's requests for leave to serve the attached proposed Amended Complaint and to bring on a motion for orders of attachment against the New Defendants be granted and that Mr. Brady's request for leave to move to dismiss Count II of the present complaint (now Count I of the Amended Complaint) be denied.

I don't mean to include Mr. Brady's proposed motion as part of what GCI described in the March 20th letter to Your Honor as "the blizzard of new lies and denials and various almost bizarre cross claims [in the NY County Supreme Court action] which ... required the commencement of the present new action in this Court." However, the almost certain soon to be expected arrival of that "blizzard" in this Court as well, highlights the interconnection between these two cases and GCI continues to believe, as before, that both Your Honor and Justice Schweitzer should continue to be copied on and kept abreast of what is happening in both matters.

Respectfully submitted,

Norman Solovay

cc: Via NYSCEF E-file and Fax
The Honorable Melvin L. Schweitzer

Via ECF and E-mail (MBrady@Hagerty-Brady.com)
Michael A. Brady, Esq.

NS/pb
Encl.