UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
GEO-GROUP COMMUNICATIONS, INC.,

                                        Plaintiff,                          Index No. 15-cv-01756
                                                                            (KPF)

-v.-

RAVI CHOPRA; MAHENDRA SHAH; VIPIN
SHAH; 728 MELVILLE PETRO LLC; KEDIS
ENTERPRISES LLC; JMVD HILLSIDE LLC;
NYC TELECOMMUNICATIONS CORP.; and
SHALU SURI,

                                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## GEO-GROUP'S THIRD AMENDED COMPLAINT

Plaintiff Geo-Group Communications, Inc. ("Geo-Group"), as and for its

Third Amended Complaint, respectfully alleges:

### INTRODUCTION

1.     Geo-Group seeks to recover from defendants money that judgment

debtor Jaina Systems Network, Inc. ("Jaina") transferred to them, their family

members or business entities owned or controlled by them in violation of

Sections 273, 273-a, 274 and 276 of New York's Debtor and Creditor Law (the

"NYDCL").

2.     This action arose out of two, related prior proceedings: (a) an

arbitration proceeding, which Geo-Group commenced on May 30, 2013 to

recover amounts due under its contract with Jaina, and in which the arbitrator

made on July 10, 2014 an award (the "Award") in favor of  Geo-Group in the

amount of $1,249,654.00; and  (b) a special proceeding Geo-Group on July 20, 2014 commenced in New York Supreme Court, New York County, to confirm, under the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., and Article 75 of the New York Civil Practice Law and Rules (the "CPLR"), the Award (the "Confirmation Proceeding").

3.     The Award requires Jaina to pay Geo-Group the sum of $1,249,654, plus interest at the rate of one-percent (1%) per month, compounded monthly from October 8, 2008, the date of Jaina's breach of contract. The Award sets forth the Arbitrator's reasoning at some length, and evidence's the Arbitrators' interpretation and application of the contract and the governing law.

4.     In the Confirmation Proceeding Jaina asserted a number of defenses to confirmation, none of which was meritorious. On December 8, 2014, the court rejected all of those defenses and made an order confirming the award. On April 3, 2015 the court in the Confirmation Proceeding entered judgment upon the Award in favor of Geo-Group (the "Judgment").

5.     The Judgment awarded Geo- $2,712,175.51, which represents: (a) the $1,249,654 principal sum; plus (b) pre-judgment interest in the amount of $1,461,986.51; plus (c) $535.00 in costs and disbursements.

6.     Jaina has failed and refused to satisfy the judgment and this action seeks to recover from Defendants the amount necessary to satisfy the

judgment (including the post-judgment interest that has been accruing since the Judgment was entered).

## SUBJECT MATTER AND PERSONAL JURISDICTION

7.     The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because: (a) Plaintiff Geo-Group Communications, Inc. is a Delaware corporation with its principal place of business in California; (b) each of the individual defendants is a citizen of the State of New York; (c) New York Telecommunications Corp., Inc. is a New York Corporation with its principal place of business in New York; (d) each of the other entity Defendants is a New York Limited Liability Company, with its principal place of business in New York, and whose members are, upon information and belief, citizens of New York or of states other than California or Delaware; and (e) the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

8.     The Court has personal jurisdiction over each of the individual defendants because they are domiciled and resident in the State of New York and served within the State of New York.

9.     The Court has personal jurisdiction over corporate defendant NYC Telecommunications Corp. ("NYC Telecom") because: (a) it is a New York Business Corporation with its principal place of business in New York, and is thus resident in the state; (b) it does and transacts all or substantially all of its business systematically and continuously within the states; (c) this action arises out of NYC Telecom's transaction of business in the state; and (d) NYC

Telecom appointed the New York Department of State as its agent for service of process in New York State, and was served with process within New York State.

10.    The Court has personal jurisdiction over the limited liability company defendants because they: (a) are New York Limited Liability Companies with their principal places of business in New York, and thus are resident in the state; (b) they have designated the New York Secretary of State as their agent for service of process, who accepted service of process on their behalf; (c) they do and transact all or substantially all of their business systematically and continuously within the states; and (d) this action arises out of acts which took place within the State of New York

## PARTIES

11.    Geo-Group a telecommunications company incorporated under the laws of Delaware with its principal place of business in California.

12.    Defendant Ravi Chopra is a natural person who is domiciled and resides in the State of New York. Mr. Chopra's resides in New Hyde Park, New York.

13.    Mr. Chopra has had extensive financial dealings with Jaina and was about to become of a shareholder of the Jaina prior to the confirmation of the Award. He, with the knowledge and consent of Jaina's President, defendant Mahendra Shah, held himself out to GCI as authorized to negotiate a settlement of Jaina's liability under the Award and Judgment.

14.     Mr. Chopra is the principal owner of STI Consultants, LLC ("STI Consultants"), a limited liability company organized and existing under the laws of the State of New York, which has its principal office at 43-15 Main Street, Flushing, New York.

15.     STI Consultants holds itself out as being involved in the real estate mortgage industry. STI Consultants and/or Mr. Chopra, directly or indirectly, own STI Phone Card Warehouse, Inc. ("STI Phone Card"). STI Phone Card is a business corporation organized and existing under the laws of the State of New York, which has its principal place of business at 43-15 Main Street, Flushing, New York, and is involved in the telecommunications industry.

16.     STI Consultants and /or Mr. Chopra, directly or indirectly, own defendant NYC Telecommunications Corp. ("NYC Telecom"), a business corporation organized and existing under the laws of the State of New York, which has its principal place of business at 43-15 Main Street, Flushing, New York, and is involved in the telecommunications industry. NYC Telecom has designated STI Phone Card, whose principal place of business is also 43-15 Main Street, as the entity to whom the New York Department of State ("NYDOS") should send copies of any process served upon, and accepted by, the NYDOS on behalf of NYC Telecom.

17.     Defendant Mahendra Shah ("M. Shah") is a natural person who is domiciled and resides in the State of New York. M. Shah resides in Williston Park, New York. At all relevant times, M. Shah was Jaina's president and a

Jaina shareholder. Upon information and belief, M. Shah has a 25% ownership interest in Jaina.

18.    Mr. Vipan Shah ("V. Shah") is a natural person who is domiciled and resides in the State of New York. V. Shah resides in Williston Park, New York. V. Shah is M. Shah's brother, and is, and at all relevant times, the spouse of a major shareholder of Jaina, Nayana Shah. Upon information and belief, Nayana Shah has a 25% ownership interest in Jaina.

19.    Defendant Shalu Suri is, and was at all relevant times, Mr. Chopra's spouse. Ms. Suri is, and at all relevant times was, also the CEO of STI Phone Card. This Amended Complaint, however, no longer asserts claims against Ms. Suri.

20.    Defendant 728 Melville Petro LLC ("728 Melville") is a limited liability company organized and existing under the laws of the State of New York and has its principal place of business at 1414 Hillside Avenue, New Hyde Park, New York. 728 Melville holds itself out as a single-purpose entity, which was purportedly formed to own and operate gas and convenience stores. 728 Melville claims to have or have had no relationship whatsoever with Jaina, and does not claim to be involved in the telecommunications business.

21.    Defendant Kedis Enterprises LLC ("Kedis") is a limited liability company organized and existing under the laws of the State of New York and, like 728 Melville, has its principal place of business at 1414 Hillside Avenue,

6

New Hyde Park, New York. Kedis claims to operate "Yum Brand" restaurants. Kedis, who is represented by the same counsel in this action as 728 Melville, claims to have or have had no relationship whatsoever with Jaina, and does not claim to be involved in the telecommunications business.

22.    Defendant JMVD Hillside LLC ("Hillside") is a limited liability company organized and existing under the laws of the State of New York and, like 728 Melville and Kedis, has its principal place of business at 1414 Hillside Avenue, New Hyde Park, New York. Hillside claims to be a single purpose entity that owns property in New York City. Hillside, who is represented by the same counsel in this action as 728 Melville and Kedis, does not claim to be involved in the telecommunications industry.

**UNLAWFUL TRANSFERS TO OR FOR THE BENEFIT OF
DEFENDANTS CHOPRA, INCLUDING TRANSFERS TO ENTITIES
OWNED DIRECTLY OR INDIRECTLY BY CHOPRA**

23.    During the period from May 30, 2013, the date that Geo-Group commenced the arbitration proceedings against Jaina, Jaina, with the consent and approval of Jaina's president, Defendant M. Shah, made, at the direction or request of Defendant Chopra, the following wire transfers of funds, totaling $1,350,000.00 to New York City law firm, Robinson-Brog Leninard Green & Genovese, P.C. (now known as Robinson Brog Leninard Green, Genovese &

Gluck, P.C.) ("Robinson Brog"), on or about the following dates:

|  | Amount | Date of Transfer |
|---|---|---|
|  | $200,000.00 | 2/26/2014 |
|  | $100,000.00 | 3/26/2014 |
|  | $200,000.00 | 5/9/2014 |
|  | $250,000.00 | 5/21/2014 |
|  | $110,000.00 | 6/4/2014 |
|  | $200,000.00 | 7/3/2014 |
|  | $90,000.00 | 9/25/2014 |
|  | $100,000.00 | 9/29/2014 |
|  | $100,000.00 | 10/1/2014 |
| Total: | $1,350,000.00 |  |

24.     These transfers were made at the direction or request of Mr. Chopra to, if anything, satisfy Mr. Chopra's debt to Robinson Brog, not to satisfy any antecedent loan or other debt or obligation that Jaina had to Robinson Brog or to Chopra.

25.     The transfers were the equivalent of direct payments made to Chopra for the sole benefit of Chopra.

26.     There is no evidence that the $1,350,000.00 paid to Robinson Brog was or could have been a fair value exchange for any goods, services, property or property rights Robinson Brog provided to Jaina, or which Chopra provided to Jaina. .

27.     During the period from May 30, 2013 through 2014, Jaina, with the knowledge and consent of Jaina's President, Defendant M. Shah, made, at the direction or request of Defendant Chopra, the following payments to either

8

STI Consulting, STI Phone Card or another STI entity owned directly or indirectly by Mr. Chopra:

|  | Amount | Date of Transfer |
|---|---|---|
|  | $10,000.00 | 1/24/2014 |
|  | $25,000.00 | 9/18/2014 |
|  | $25,000.00 | 9/23/2014 |
|  | $23,000.00 | 9/29/2014 |
|  | $20,000.00 | 10/7/2014 |
|  | $25,000.00 | 10/8/2014 |
|  | $6,000.00 | 10/24/2014 |
| **Total:** | **$134,000.00** |  |

28.     The payments were for the benefit of Mr. Chopra, who owns STI Consulting and STI Phone Card. They were the functional equivalent of payments made directly to Chopra and for his sole benefit.

29.     There is no evidence that the **$134,000.00** paid to STI Consultants, STI Phone Card or another STI entity owned by Chopra (individually and collectively referred to as "STI"), was or could have been a fair value exchange for any goods, services, property or property rights provided by STI to Jaina or by Chopra to Jaina.

30.     There is no evidence that any of the payments were made to discharge any legitimate antecedent loan or other debt Jaina allegedly incurred to STI or to Chopra.

31.     During the period from May 30, 2013 through 2014, Jaina, with the knowledge and consent of Jaina's President, Defendant M. Shah, made, at

9

the direction or request of Mr. Chopra, the following payments to Defendant

NYC Telecom, at or about the following dates:

|  | Amount | Date of Transfer |
|---|---|---|
|  | $6,000.00 | 12/11/2013 |
|  | $300,000.00 | 10/30/2014 |
|  | $106,000.00 | 12/1/2014 |
| **Total:** | **$412,000.00** |  |

32.     NYC Telecom is not a vendor, supplier, or customer of Jaina, and

there is no evidence that it supplied services to Jaina.

33.     The payments were for the benefit of Mr. Chopra, who, directly or

indirectly, is NYC Telecom's principal owner.

34.     There is no evidence that the $412,000.00 was or could have been

a fair value exchange for any goods, services, property or property rights NYC

Telecom allegedly provided Jaina.

35.     There is no evidence that the $412,000.00 was a fair value

exchange for any goods, services, property or property rights NYC Telecom

allegedly provided to Jaina or that Defendant Chopra allegedly provided to

Jaina.

36.     There is no evidence that any of the payments were made to

discharge any legitimate antecedent loan or other debt Jaina allegedly incurred

to NYC Telecom or to Chopra.

## 'TRANSFERS TO THE LLC DEFENDANTS

37.    During a period of just under two weeks in October 2014, a few months after the Award was made on July 10, 2014, Jaina, with the knowledge and consent of Jaina's President, Defendant M. Shah, made, at the direction or request of Mr. Chopra, the following payments to Defendant 728 Melville: Petro LLC:

|  | Amount of Transfer | Date of Transfer |
|---|---|---|
|  | $140,000.00 | 10/16/2014 |
|  | $60,000.00 | 10/17/2014 |
|  | $80,000.00 | 10/22/2014 |
|  | $80,000.00 | 10/23/2014 |
|  | $100,000.00 | 10/29/2014 |
| Total: | $460,000.00 | |

38.    728 Melville claims to be a single purpose LLC formed to own and operate gas and convenience stores.

39.    728 Melville is not a vendor, customer, or supplier of Jaina, and does not hold itself out as a service provider.

40.    There is no legitimate business reason for Jaina, a telecommunications company, to have transferred $460,000.00 to a single purpose LLC formed to own and operate gas and convenience stores.

41.    There is no legitimate business reason for Jaina to have made those transfers at the direction or request of Mr. Chopra.

42.    There is no evidence that the $460,000.00 was a fair value

exchange for any goods, services, property or property rights 728 Melville allegedly provided to Jaina or promised to provide to Jaina.

43.    There is no evidence that any of the payments were made to discharge any legitimate antecedent loan or other debt Jaina allegedly incurred to 728 Melville.

44.    On or about August 13, 2014, just over a month after the Award was made on July 10, 2014, and a few weeks after Geo-Group commenced the Confirmation Proceedings on July 20, 2014, Jaina, with the knowledge and consent of Jaina's President, Defendant M. Shah, made, at the direction or request of Mr. Chopra, a payment in the amount of **$200,000.00** to Defendant Hillside.

45.    Hillside claims to be a single purpose LLC that owns property in New York City.

46.    Hillside is not a vendor, supplier or customer of Jaina, and does not hold itself out as a service provider, let alone as a service provider to the telecommunications industry.

47.    There is no legitimate business reason for Jaina to have transferred $200,000.00 to a single purpose LLC formed to own property in New York City.

48.    There is no legitimate business reason for Jaina to have made that

transfer at the direction or request of Defendant Chopra.

49.     There is no evidence that the $200,000.00 was a fair value exchange for any goods, services, property or property rights Hillside allegedly provided or promised to provide to Jaina.

50.     There is no evidence that any of the payments were made to discharge any legitimate antecedent loan or other debt Jaina allegedly incurred to Hillside.

51.     On or about January 9, 2014, Jaina, with the knowledge and consent of Jaina's President, Defendant M. Shah made, at the direction or request of Mr. Chopra, a payment in the amount **$100,000.00** to Defendant Kedis Enterprises.

52.     On or about January 15, 2014, Jaina, with the knowledge and consent of Jaina's President, Defendant M. Shah made, at the direction or request of Mr. Chopra, another payment in the amount of **$100,000.00** to Defendant Kedis Enterprises.

53.     Kedis Enterprises claims to be involved in the restaurant business, and to own the "Yum" brand of restaurants.

54.     Kedis Enterprises is not a vendor, supplier or customer of Jaina, and does not hold itself out as a service provider, let alone a service provider to the telecommunications industry. .

55.     There is no evidence that any of the payments were made to discharge any legitimate antecedent loan or other debt Jaina allegedly incurred to Kedis Enterprises.

56.     There is no legitimate business reason for Jaina to have transferred $200,000.00 to an entity like Kedis Enterprises, which is in the restaurant business, not the telecommunications business.

57.     There is no legitimate business reason for Jaina to have made that transfer at the direction or request of Mr. Chopra.

58.     There is no evidence that the $200,000.00 was a fair value exchange for any goods, services or any other property or property rights Hillside allegedly provided or promised to provide to Jaina.

## TRANSFERS TO VIPIN SHAW

59.     During a period from the date Geo-Group commenced the Arbitration through June 2014, Jaina, with the knowledge and consent of Geo-Group's President, M. Shah, made the following payments to M. Shah's brother, Vipin Shah, who is also the spouse of another officer and principal of Jaina, Nayana Shah, in the following amounts and on or about the following dates:

|  | Amount of Transfer | Date of Transfer |
|---|---|---|
|  | $4,400.00 | 6/5/2013 |
|  | $4,400.00 | 7/5/2013 |

| | | |
|---|---|---|
| | $2,700.00 | 7/22/2013 |
| | $18,699.00 | 7/29/2013 |
| | $4,400.00 | 8/2/2013 |
| | $10,000.00 | 8/23/2013 |
| | $4,400.00 | 9/4/2013 |
| | $4,400.00 | 10/2/2013 |
| | $4,400.00 | 11/6/2013 |
| | $15,000.00 | 11/26/2013 |
| | $62,000.00 | 11/27/2013 |
| | $4,400.00 | 12/6/2013 |
| | $10,000.00 | 12/13/2013 |
| | $34,000.00 | 12/20/2013 |
| | $41,000.00 | 12/26/2013 |
| | $4,400.00 | 1/6/2014 |
| | $71,000.00 | 1/7/2014 |
| | $5,000.00 | 1/10/2014 |
| | $18,904.00 | 1/30/2014 |
| | $4,400.00 | 2/4/2014 |
| | $3,900.00 | 2/7/2014 |
| | $4,400.00 | 3/4/2014 |
| | $50,000.00 | 3/19/2014 |
| | $4,400.00 | 4/4/2014 |
| | $42,000.00 | 4/7/2014 |
| | $10,000.00 | 5/2/2014 |
| | $4,400.00 | 5/5/2014 |
| | $8,000.00 | 5/5/2014 |
| | $4,400.00 | 6/5/2014 |
| | $30,000.00 | 6/6/2014 |
| | $35,000.00 | 6/11/2014 |
| | $4,400.00 | 7/3/2014 |
| | $42,000.00 | 7/10/2014 |
| | $5,000.00 | 7/16/2014 |
| | $18,000.00 | 7/21/2014 |
| | $4,400.00 | 8/6/2014 |
| | $50,000.00 | 8/6/2014 |
| | $4,400.00 | 10/7/2014 |
| | $5,000.00 | 10/8/2014 |
| | $28,000.00 | 11/26/2014 |
| | $34,000.00 | 12/20/2014 |
| | $41,000.00 | 12/26/2014 |

| Total: | $760,603.00 | |
|---|---|---|

60.     In addition to being the brother of Jaina's President, M. Shah, at all relevant times, V. Shah was (and presumably still is) the spouse of Nayana Shah, another shareholder of Jaina. Upon information and belief, M. Shah and Nayana Shah each own a 25% ownership interest in Jaina, and thus the two of them together have a 50% ownership interest in Jaina.

61.     V. Shah is not a vendor, supplier or customer of Jaina, and does not hold himself out as a service provider, let alone a service provider for the telecommunications industry.

62.     There is no evidence that any of the payments made to V. Shah were made to discharge any legitimate antecedent loan or other debt Jaina allegedly incurred to V. Shah.

63.     57.     There is no legitimate business reason for Jaina to have transferred **$760,000.00** to V. Shah.

64.     There is no evidence that the **$760,000.00** in payments to V. Shah were a fair value exchange for any goods, services, property or property rights that V. Shah allegedly provided or promised to provide Jaina.

### COUNT I

**NYDCL SECTIONS 273, 273-A AND 274 CONSTRUCTIVELY FRAUDULENT TRANSFER AGAINST DEFENDANTS CHOPRA, NYC TELECOM, 728 MELVILLE, HILLSIDE AND KEDIS ENTERPRISES**

65.     Geo-Group respectfully repeats and realleges the allegations set

forth in pargraphs 1 through 56 of this Third: Amended Complaint.

66.     Each of the transfers to Robinson Brog, STI, NYC Telecom, 728 Melville, Hillside and Kedis Enterprises was made after Geo-Group demanded arbitration against Jaina.

67.     None of the transfers was a fair value exchange for goods, services, property or property rights.

68.     None of the transfers was a payment for a legitimate antecedent loan made to Jaina, or a legitimate antecedent debt Jaina had to another person.

69.     Jaina has not satisfied any portion of the Judgment against it, despite Geo-Groups demands and collection efforts to date. Jaina no longer maintains bank accounts in New York.

70.     As a result of the unlawful transfers by Defendants Chopra and Shah, by January 2015, Jaina effectively ceased its operations. Jaina has no liquid assets and no longer maintains bank accounts in New York.

71.     Chopra is responsible for paying to Geo-Group the money transferred Robinson Brog and STI because those transfers were made at his request or direction and for his benefit, all at the expense of Geo-Group. .

72.     Chopra is jointly and severally responsible with NYC Telecom for the transfers made to NYC Telecom because the transfers were made for Mr.

17

Chopra's benefit, and at his direction and request.

73.    NYC Telecom is liable for those transfers because the transfers were made to it, and it retained them with knowledge that they had no business purpose, were not made for fair consideration and were made principally to enrich Defendant Chopra and prevent Geo-Group from enforcing its Judgment against Jaina, a company with whom he has a close connection and considerable influence.

74.    Chopra is also jointly and severally liable with 728 Melville, Kedis Enterprises, and Hillside for the transfers made to those entities because he directed or requested Jaina to make those transfers.

75.    Geo-Group does not know who owns 728 Melville, Kedis Enterprises and Hillside, but it appears that they are jointly owned because they have appeared by one counsel in this case, and have a common address. If discovery reveals that Mr. Chopra or any of the other defendants owns or controls those entities, then Chopra will also be jointly and responsible to Geo-Group for the transfers because they were made for his benefit and at the expense of Geo-Group

76.    728 Melville is liable for those transfers because the transfers were made to it, and it retained them with knowledge that they had no business purpose, were unrelated to 728 Melville's own business, were not made for fair consideration.

77.     Hillside is liable for the transfers it received because it accepted them with knowledge that they had no legitimate business purpose, were unrelated to Hillside's own business, and were not made in exchange for fair consideration. Hillside is liable to pay Geo-Group for the transfers that Hillside received from Jaina.

78.     Kedis is liable for the transfers it received because it accepted them with knowledge that they had no legitimate business purpose, were unrelated to Hillside's own business, and were not made in exchange for fair consideration. Hillside is liable to pay Geo-Group for the transfers that Jaina made to it. Kedis Enterprises is liable to pay Geo-Group for the transfers that Kedis Enterprises received from Jaina.

**COUNT II**

**NYDCL SECTION 276 FRAUDULENT TRANSFER AGAINST DEFENDANTS CHOPRA, NYC TELECOM, 728 MELVILLE, HILLSIDE AND KEDIS ENTERPRISES**

79.     Geo-Group repeats and realleges the allegations contained paragraphs 1 through 78 of this Third Amended Complaint.

80.     The facts show that Defendants Chopra, NYC Telecom, 728 Melville, Hillside and Kedis knew or had reason to know that the transfers they facilitated, requested, directed, received or benefited from were intended to hinder, delay, or defraud present creditors, including Geo-Group.

81.     There was a close relationship between Chopra and Jaina because,

among other things, Chopra was, at the time the transfers occurred, negotiating with Jaina to become a shareholder in the company.

82.   Chopra also held himself out to Geo-Group as authorized to negotiate a settlement with Geo-Group.

83.   His relationship with Jaina was strong enough that when he directed or requested that the transfers be made, Jaina, including its President, Defendant M. Shah, abided by those directions or requests.

84.   The relationship between Chopra and Jaina supports an inference that Chopra was deliberately working together with Jaina to help it avoid having to satisfy the judgment. As a prospective, future shareholder, Chopra stood to economically benefit by thwarting enforcement of the Judgment.

85.   Chopra has a close relationship with NYC Telecom and STI because he owns those entities.

86.   The nature and extent of Chopra's relationship with the 728 Melville, Hillside and Kedis Enterprises will be the subject of discovery in this case, but the amounts involved in the transfers, their timing -- and the lack of any explanation for why the transfers were made—strongly suggests improper motives on the part of all involved, including the LLCs themselves and whoever owns them.

87.   In addition to being inexplicable, the transfers were, by definition,

outside the usual course of business of Jaina, Chopra, and the three LLC Defendants.

88.     Jaina's and Chopra's knowledge of the claim, and Jaina's inability or unwillingness to pay it, are also not open to question because Mr. Chopra held himself out as being able to settle, on behalf of Jaina, Jaina's liability to Geo-Group.

**COUNT III**

**NYDCL SECTION 273, 273-A AND 274 CONSTRUCTIVELY FRAUDULENT TRANSFER AGAINST DEFENDANTS M. SHAH AND V. SHAW**

89.     Geo-Group respectfully repeats and realleges the allegations set forth in pargraphs 1 through 88 of this Third: Amended Complaint.

90.     M. Shah, as President of Jaina, knew or should have known that the transfers he was making did not represent a fair value exchange or discharge of an antecedent loan or debt.

91.     M. Shah knew or should have known that the transfers were being made either: (a) for the benefit of Mr. Chopra, the person who directed or requested that they be made; or (b) for the benefit of his family member, V. Shah, and, indirectly, for the benefit of a fellow shareholder, his sister-in-law,, Nayana Shah.

92.     M. Shah is knew or should have known that, during the period the transfers were made, there were arbitration proceedings pending against it, and

later, an arbitration award and a judgment confirming the Award.

93.    At all relevant times, M. Shaw knew or should have known that the transfers were not being made in good faith because Mr. Chopra was the one directing or requesting that many of them be made, because the transfers had no legitimate business purpose and because M. Shaw knew that they were depleting assets that Geo Group would need to pay an adverse arbitration award or a judgment confirming an adverse award.

94.    None of the transfers to Robinson Brog, STI, NYC Telecom, 728 Melville, Hillside, Kedis Enterprises or Vipin Shah (the "Transfers" was a fair value exchange for goods, services, property or property rights.

95.    None of the Transfers was a payment for a legitimate antecedent loan made to Jaina, or a legitimate antecedent debt Jaina had to another person.

96.    M. Shaw is personally liable to Geo-Group for all the Transfers, and jointly and severally liable with the other Defendants who are also responsible for particular Transfers.

97.    As a result of the Transfers, Jaina, as of January 2015 ceased its operations. Jaina now has no bank accounts and no liquid assets.

98.    V. Shah knew or should have known that he was a corporate insider because his brother was President of Jaina and his wife was a major

shareholder.

99.    He knew or should have known that the money paid to him was not a fair value exchange or discharge of an antecedent loan or debt.

100.   He knew or should have known that the transfers to him served no legitimate purpose and would likely reduce the amount of funds Jaina would have to meet its obligations to its creditors, which the Transfers ultimately did.

101.   V. Shah is responsible to Geo-Group for the $760,603.00 Jaina transferred to him since Geo-Group commenced the arbitration proceedings against Jaina.

## COUNT IV

### NYDCL SECTION 276 FRAUDULENT TRANSFER AGAINST DEFENDANTS M. SHAH AND V. SHAH

102.   Geo-Group repeats and realleges the allegations contained paragraphs 1 through 101 of this Third Amended Complaint.

103.   M. Shah should have known that the Transfers he authorized, facilitated or made were intended by him or by others to hinder, delay or defraud Jaina's present creditors, including Geo-Group.

104.   V. Shah knew or should have known that the transfers made to him were intended by others to hinder, delay or defraud Jaina's creditors, including Geo-Group.

23

105.   There was a close relationship between and among M. Shah, V. Shah and Nayana Shah based on both family and marriage ties. M. Shah and Nayana Shah were also shareholders of Jaina, and M. Shah was Jaina's President.

106.   The Transfers were inexplicable and outside the usual course of business of Jaina, Chopra and the three LLC Defendants.

107.   M. Shah knew or should have known about the Arbitration, the Award and the Judgment, and Jaina's inability or unwillingness to pay either one.

108.   M. Shah is liable to Geo-Group for all of the Transfers.

109.   V. Shah is liable to Geo-Group for the **$760,603.00** transferred to him.

WHEREFORE, Plaintiff Geo-Group respectfully requests that the Court grant it judgment in its favor:

A.  On the First Count, against:

1.  Defendant Chopra, in the total amount of $2,756,000.00;

2.  Defendant NYC Telecom, jointly and severally with Defendant Chopra, in the amount of $412,000.00;

    3.  Defendant 728 Melville, jointly and severally with Defendant Chopra, in the amount of $460,000.00;

    4.  Defendant Hillside, jointly and severally with Mr. Chopra, in the amount of $200,000.00; and

    5.  Defendant Kedis Enterprises, jointly and severally with Mr. Chopra, in the amount of $200,000.00.

B. On the Second Count, against:

    1.  Defendant Chopra, in the total amount of $2,756,000.00;

    2.  Defendant NYC Telecom, jointly and severally with Defendant Chopra, in the amount of $412,000.00;

    3.  Defendant 728 Melville, jointly and severally with Defendant Chopra, in the amount of $460,000.00;

    4.  Defendant Hillside, jointly and severally with Defendant Chopra, in the amount of $200,000.00; and

    5.    Defendant Kedis Enterprises, jointly and severally with Defendant Chopra, in the amount of $200,000.00.

C. On the Third Count, against:

    1.  Defendant M. Shah, in the amount of $3,516,603.00; and

    2.  Defendant V. Shah, jointly and severally with Defendant M. Shah, in the amount of $760,603.00.

D.  On the Fourth Count, against:

    3.  Defendant M. Shah, in the amount of $3,516,603.00; and

    4.  Defendant V. Shah, jointly and severally with Defendant M. Shah, in the amount of $760,603.00.

E.  The fees, costs and disbursements of this action; and

F.  Such other and further relief as the Court may deem appropriate.

Dated:   New York, New York
February 22, 2016

Respectfully submitted,

LOREE & LOREE

_____
Philip J. Loree Jr. (PL-2213)
830 Third Avenue
Fifth Floor
New York, New York 10022
(646) 253-0560
(516) 627-1720 (alternative
phone no.)
(516) 941-6094 (mobile)
Fax: +1 (800) 627-3118
PJL1@LoreeLawFirm.com


THE SOLOVAY PRACTICE
Norman Solvay, Esq.
260 Madison A n
15th Floor
New York, NY 10016
(646)-278-4295
(212)-488-0066 (fax)
nsolovay@solovaypractice.com

ATTORNEYS FOR PLAINTIFF
GEO-GROUP
COMMUNICATIONS, INC


To: All Counsel (Via ECF)

Pro Se Defendants Mahendra Shah and Vipin Shah (via regular mail)