USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: <u>March 30, 2016</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================================

GEO-GROUP COMMUNICATIONS, INC.,

                   Plaintiff,

  -against-

RAVI CHOPRA; MAHENDRA SHAH; VIPIN
SHAH; 728 MELVILLE PETRO LLC; KEDIS
ENTERPRISES LLC; JMVD HILLSIDE LLC;
NYC TELECOMMUNICATIONS CORP.; and
SHALU SURI,

                   Defendants.

==================================================

Docket 15-CV-01756 (KPF)

<u>NOTICE OF MOTION TO DISMISS THE
PLAINTIFF'S THIRD AMENDED COMPLAINT
BY THE DEFENDANT MAHENDRA SHAH</u>

     PLEASE TAKE NOTICE, that upon the affidavit of Mahendra Shah, the letter attached and the Memo, the defendant Mahendra Shah will move this Court at a date and time to be determined by the Court, at 40 Foley Square, New York, NY 10007, for an Order dismissing the Third Amended Complaint as against Vipin Shah, pursuant to Federal Rules of Civil Procedure Rules 12(b)(6) and 9(a), with prejudice.

     The motion is brought pursuant to this Court's orders of March 10, 2016 (Docket #108) and March 14, 2016 (Docket #111).

     The grounds for the dismissal are that the Third Amended Complaint pleads only conclusory allegations that are facially insufficient.

     Additionally, since this is the fourth complaint the plaintiff has filed in this Court, naming me as a defendant, I respectfully request that the Honorable Court find that justice requires, pursuant to Rule 15(a)(2), that plaintiff be prevented from serving any other complaints against me for matters relating to Jaina Systems and Geo-Group.

THEREFORE, defendant Mahendra Shah respectfully request the Court order the Second Amended Complaint dismissed, with prejudice, as to me, together with any other or further relief which seems just and proper.

Dated: March 30, 2016

Respectfully,

Mahendra Shah
35 Smith Place
Williston Park, NY 11596

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

========================================

GEO-GROUP COMMUNICATIONS, INC.,
                                    Plaintiff,          Docket 15-CV-01756 (KPF)

        -against-

JOSEPH P. GOLDBERG; HODGSON RUSS LLP;
RAVI CHOPRA; MAHENDRA SHAH; VIPIN          <u>AFFIDAVIT IN</u>
SHAH; 728 MELVILLE PETRO LLC; KEDIS        <u>SUPPORT OF</u>
ENTERPRISES LLC; JMVD HILLSIDE LLC;        <u>MOTION TO DISMISS</u>
NYC TELECOMMUNICATIONS CORP.; and
SHALU SURI,
                                    Defendants.

========================================

    MAHENDRA SHAH, being duly sworn, deposes and says as follows:

1.  I am a resident of the State of New York, residing in Nassau County.

2.  I am over 18 years of age.

3.  I am a defendant named in this law suit and am currently appearing *pro se*.

4.  I submit this affidavit in support of my motion to dismiss this case,
    specifically the plaintiff's third amended complaints. (Docket #105).

5.  As your Honor is quite aware, this is the fourth attempt to plead a case
    against me. In your Honor's last Opinion and Order (Docket #102) your
    Honor cautioned plaintiff that the Court "further expects that new counsel
    will think carefully before mounting claims as to any Defendant other than
    Chopra, and it reminds Plaintiff and its counsel that there will be
    consequences if there is again motion practice so one-sided in this matter."

6.  I respectfully submit that plaintiff did not take that caution very seriously. In
    reviewing the Third- Party Complaint, I cannot find one allegation that
    shows that I ever benefitted financially from any claim alleged against me.

7. Rather, I believe that if this Honorable Court would find the plaintiff's complaint is legally insufficient and also that such finding should be to my benefit.

8. The only allegations against me are some nebulous claims that I permitted funds to be transferred. There is no factual basis for these claims and they are merely conclusory allegations. Conclusory allegations are insufficient to sustain the pleading requirements of the Federal Rules.

9. The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."

10. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S. Ct. at 1959.

11. In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013) (quotations and citation omitted); Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

2

Id. at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.; see also Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).

12. A plain reading of the Third Party Complaint shows that, as is stated in my brother's affidavit, the plaintiff merely copied the debit portions of bank statements. This was done purely to mislead the Court and to permit the plaintiff to plead conclusions- such as I knew or should have known that transfers were fraudulent- which are not entitled to the assumption of truth.

13. Rather, as was shown by my brother's affidavit, if the plaintiff had included credits as well as debits, there would be clear proof that any transfers were for antecedent debts or for good cause. There was no fraudulent conveyances made by me.

WHEREFORE, I would request that this Honorable Court dismiss the plaintiff's entire Third Amended Complaint as against me and prohibit the plaintiff from filing any other complaints against me for the dispute stated in the complaint, together with the appropriate punishment for disregarding your Honor's cautionary footnote.

Dated: March 28, 2016

Mahendra Shah

Sworn to before me
this 28 day of March 2016

NOTARY PUBLIC

ROBERT P. LYNCH
Notary Public, State of New York
No. 02LY6173772
Qualified in NASSAU County
Commission Expires 9/04/2018

3