USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 31, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==========================================

GEO-GROUP COMMUNICATIONS, INC.,

                Plaintiff,

   -against-

JOSEPH P. GOLDBERG; HODGSON RUSS LLP;
RAVI CHOPRA; MAHENDRA SHAH; VIPIN
SHAH; 728 MELVILLE PETRO LLC; KEDIS
ENTERPRISES LLC; JMVD HILLSIDE LLC;
NYC TELECOMMUNICATIONS CORP.; and
SHALU SURI,

                Defendants.

Docket 15-CV-01756 (KPF)

==========================================

### NOTICE OF MOTION TO DISMISS THE PLAINTIFF'S THIRD AMENDED COMPLAINT BY THE DEFENDANT VIPIN SHAH

PLEASE TAKE NOTICE, that upon the affidavit of Vipin Shah, the letter attached and the Memo, the defendant Vipin Shah will move this Court at a date and time to be determined by the Court, at 40 Foley Square, New York, NY 10007, for an Order dismissing the Third Amended Complaint as against Vipin Shah, pursuant to Federal Rules of Civil Procedure Rules 12(b)(6) and 9(a), with prejudice.

The motion is brought pursuant to this Court's orders of March 10, 2016 (Docket #108) and March 14, 2016 (Docket #111).

The grounds for the dismissal are that the Third Amended Complaint pleads only conclusory allegations that are facially insufficient.

Additionally, since this is the fourth complaint the plaintiff has filed in this Court, naming me as a defendant, I respectfully request that the Honorable Court find that justice requires, pursuant to Rule 15(a)(2), that plaintiff be prevented from serving any other complaints against me for matters relating to Jaina Systems and Geo-Group.

7. Rather, I believe that if this Honorable Court will find the plaintiff's complaint is legally insufficient and also that such finding should be to my benefit.

8. The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."

9. A review of the Third Amended Complaint, at pages 14, 15 and 16, show a table that purportedly shows that $760,603.00 was transferred to me.[1] This table, however, is then followed by purely conclusory statements that:

    a. There is no evidence that any payments made to V. Shah were made to discharge any legitimate antecedent loan or other debt Jaina allegedly incurred to V. Shah (¶ 62);

    b. There is no legitimate business reasons for Jaina to have transferred $760,000 to V. Shah (¶ 63); and

    c. There is no evidence that the $760,000 in payment to V. Shah were a fair value exchange for any goods, services, property or property rights that V. Shah allegedly provided or promised to provide to Jaina.(¶ 64). 166 ,800

10. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to

---

[1] It should be noted that $593,803 of the money listed in the table was transferred prior to the filing of the special proceeding to confirm the arbitration award.

relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S. Ct. at 1959.

11. In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013) (quotations and citation omitted); Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.; see also Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).

12. I respectfully submit that plaintiff has merely made conclusory allegations that are threadbare recitals of the elements of the cause of action. Paragraphs 62, 63 and 64 are merely conclusory statements that are not entitled to the assumption of truth. I believe that this Honorable Court would find the plaintiff's complaint is legally insufficient and it should be dismissed with prejudice.

13. The allegations against me are obviously based on bank statements that were wrongfully obtained by plaintiff's prior attorney.[2] It is quite significant *and quite misleading*, for the plaintiff to bring before the Court only those entries in the debit column. No credits are discussed in the information provided by the plaintiff.

14. The reason why plaintiff makes only conclusory statements that are not entitled to the assumption of truth is because plaintiff knows that the truth is that the transfers to me were for an antecedent debt. Additionally, most of

---

[2] There is an action pending in Supreme Court, Nassau County in which the propriety of using these records is being litigated. Therefore, I will not take this Court's time in discussing the issue.

3

the transfers concern the same sum of money that was provided as a short term loan, repaid to me and then lent to Jaina again.

15. Attached hereto are approximately 16 pages of canceled checks from me and my wife. The Court can plainly see that approximately $20,000 was repeatedly given to Jaina about a week apart. In that week, Jaina repaid me and, when another short term loan was required, the $20,000 was again provided. So, there was no transfer to me of $760,000, but the same $20,000 went back and forth about 25 times. By looking only at the debits, the 25 transfers of $20,000 would show up as debits totaling $500,000.00.

16. Furthermore, several entries on the complaints table are monthly payments of $4,400.00. These "payments" represent the amortization of a $250,000 loan I took against my house and lent to Jaina. It was agreed that Jaina would "pay" the monthly payment of $4,400.

17. Therefore, the $250,000 loan and the recurring loans and repayments between myself and Jaina show that $760,000 was transferred for an antecedent debt.

18. Merely because plaintiff finds it inconvenient to show the credits on the bank account statements to the Court, does not mean there was no "antecedent debt".

WHEREFORE, I would request that this Honorable Court dismiss the plaintiff's entire Third Amended Complaint as against me and prohibit the plaintiff from filing any other complaints against me for the dispute stated in the complaint, together with the appropriate punishment for disregarding your Honor's cautionary footnote.

Dated: March 28, 2016

_____
Vipin Shah

Sworn to before me
this 30 day of March 2016

_____
NOTARY PUBLIC

ROBERT P. LYNCH
Notary Public, State of New York
No. 02LY6173772
Qualified in NASSAU County
Commission Expires 9/04/2016

4