UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEO-GROUP COMMUNICATIONS, INC.,<br><br>                 Plaintiff,<br><br>    -against-<br><br>RAVI CHOPRA; MAHENDRA SHAH; VIPIN SHAH; 728 MELVILLE PETRO LLC; KEDIS ENTERPRISES LLC; JMVD HILLSIDE LLC; NYC TELECOMMUNICATIONS CORP.; and SHALU SURI,<br><br>                 Defendants. | **Civil Action No.:**<br>**15-cv-01756 (KPF)** |

## THIRD AFFIDAVIT OF SANJIV CHAND

SANJIV CHAND, of full age, certifies as follows:

1. I am the Chief Executive Officer of Kedis Enterprises LLC ("Kedis") and JMVD Hillside ("JMVD").

2. 728 Melville Petro LLC ("Melville") is managed by Jessie Gupta, my sister-in-law, and is family-owned. *See* Doc. No. 57-2, Gupta Aff. ¶ 1.

3. During all relevant times it has been my understanding that Mahendra Shah is the Chief Executive Officer of Neminath, Inc. ("Neminath"). *See* New York State Division of Corporations Entity Information for Neminath, Inc., at Exhibit D to Moving Brief ("Mov. Br.").

4. During all relevant times it has been my understanding that Mahendra Shah is the Chief Executive Officer of Jaina Systems Network Inc. ("Jaina"). *See* New York State Division of Corporations Entity Information for Jaina Systems Network Inc., at Exhibit D to Mov. Br.

5. On January 18, 2013, on behalf of Kedis, I signed a Commercial Loan Agreement ("Agreement") with Neminath. Mahendra Shah, on behalf of Neminath, also signed the

Agreement.  I understood that under the Agreement Kedis was to loan $600,000 to Neminath for the benefit of Jaina.  *See* Commercial Loan Agreement, at Exhibit B to Mov. Br.

6. I understood that the money loaned under the Agreement was to be used for the benefit of Jaina.  Specifically, the Agreement states the funds are "to be used for the improvement and expansion of Neminath, Inc., and/or the business of its Affiliates."  The definition of "Affiliate" includes "(iv) any Person that… is Under Common Control" with Neminath.  The Agreement defines "Person" to include "any…corporation." "Under Common Control" is defined as "means effective power, directly or indirectly, to direct or cause the direction of the management and policies of such Person, whether by contract or otherwise."  I understood that Mahendra Shah was CEO of both Jaina and Neminath, that both entities were under his common control, and consequently, that Jaina was an Affiliate of Neminath under the Agreement.  *See* Commercial Loan Agreement, at 1, at Exhibit B to Mov. Br.

7. At the time I entered into the Agreement, I understood that Jaina would ultimately be responsible for repaying the loan because it was made for Jaina's benefit.

8. On January 22, 2013, and pursuant to the Agreement, Kedis transferred $600,000 to Neminath, and such monies were deposited into Neminath's account for the benefit of Jaina.  Substantially all of these funds – $570,000 after loan costs totaling $30,000 – were then transferred from Neminath to Jaina from January 22, 2013 through February 6, 2013.  *See* Neminath HSBC Bank Statement, at Exhibit E to Mov. Br.

9. During all relevant times, I understood that the $570,000 conveyance from Kedis to Neminath and ultimately to Jaina was to be repaid by Jaina.

10. All of the transfers from Jaina to JMVD, and all of the transfers from Jaina to Melville that are referenced in paragraphs 37 to 50 of Geo-Group Communications Inc.'s

("GCI") Third Amended Complaint ("TAC") were carried out in order to satisfy Jaina's debt to Kedis.

11.     As the president and owner of Kedis, I assigned Kedis' right to receive the payments referenced in paragraphs 37 and 44 of the TAC, which were repayments toward the $600,000 loan made under the Agreement, to JMVD and Melville.

12.     On behalf of Kedis, I asked that funds Jaina owed to Kedis be transferred to JMVD and Melville instead of Kedis.  I did so because Kedis intended to make transfers in these amounts to JMVD and Melville regardless.  By having Jaina transfer the funds in this manner, it saved me the trouble of transferring funds from Jaina to Kedis and then from Kedis to either JMVD or Melville.

13.     Jaina's payments to JMVD and Melville as described in paragraphs 37 and 44 of the TAC were made in satisfaction of an antecedent debt, which Jaina paid in order to satisfy the debt to Kedis under the Agreement.

14.     Jaina's two $100,000 payments directly to Kedis as described in paragraphs 51 and 52 of the TAC were also conveyed in satisfaction of an antecedent debt Jaina owed to Kedis. A $200,000 loan was made by Kedis directly to Jaina on December 16, 2013.  *See* Wire Letter, at Exhibit C to Mov. Br.  The loan was paid back by Jaina through the two transfers described in paragraphs 51 and 52 of the TAC.

15.     To the best of my knowledge, any and all payments from Jaina to Kedis, JMVD, and Melville did not benefit any of the personally named defendants in the TAC, including Ravi Chopra, because none of them are shareholders, directors, officers, employees, or agents of, or related in any way to the Corporate Defendants.

16892416v.1

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

                                                                                    _____
                                                                                    SANJIV CHAND
                                                                                    CEO, Kedis Enterprises, LLC
                                                                                    CEO, JMVD Hillside, LLC

**ANDREW HAMELSKY**
Notary Public, State of New York
No. 02HA6138299
Qualified in New York County
Commission Expires March 3, 2019