**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GEO-GROUP COMMUNICATIONS, INC., :<br>:<br>                Plaintiff, :<br>:<br>      -against- :<br>:<br>RAVI CHOPRA; MAHENDRA SHAH; VIPIN :<br>SHAH; 728 MELVILLE PETRO LLC; KEDIS :<br>ENTERPRISES LLC; JMVD HILLSIDE LLC; :<br>NYC TELECOMMUNICATIONS CORP.; and :<br>SHALU SURI, :<br>:<br>             Defendants. :<br>: | **Civil Action No.:**<br>**15-cv-01756 (KPF)** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**728 MELVILLE PETRO LLC, KEDIS ENTERPRISES LLC, AND JMVD HILLSIDE'S**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

*On the Brief:*

Andrew I. Hamelsky, Esq.
Samuel V. Eichner, Esq.

17078227v.1

**TABLE OF CONTENTS**

<u>**PAGE**</u>

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ..............................................................................................................................2

      I.      Constructive Fraudulent Conveyance Claims.........................................................3

      II.     Actual Fraud Claim................................................................................................6

      III.    The Corporate Defendants' Motion to Dismiss .....................................................8

CONCLUSION............................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Chen v. New Trend Apparel, Inc.*,
    8 F. Supp. 3d 406 (S.D.N.Y. 2014) ...........................................................................4

*Finkel v. Romanowicz*,
    577 F.3d 79 (2d Cir.2009)............................................................................................5

*Geo-Grp. Commc'ns, Inc. v. Chopra*,
    2016 WL 390089 (S.D.N.Y. Feb. 1, 2016)...............................................................2

*In re Sharp Int'l Corp.*,
    403 F.3d 43 (2d Cir. 2005)........................................................................................4, 7

*In re Vivaro Corp.*,
    524 B.R. 536 (Bankr. S.D.N.Y. 2015) ...............................................................3, 6, 8

*Kenific v. Oswego Cty.*,
    No. 5:07-CV-0213, 2010 WL 2977267 (N.D.N.Y. July 23, 2010) ..........................8

*Sardis v. Frankel*,
    113 A.D.3d 135, 978 N.Y.S.2d 135 (2014) ..............................................................4

*Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc.*,
    234 B.R. 293 (Bankr. S.D.N.Y. 1999) ......................................................................7

OTHER AUTHORITIES

F.R.C.P. 9......................................................................................................................6, 7

Rule 12(b)(6)..................................................................................................................2, 9

NYDCL § 273-a ...............................................................................................................5

NYDCL §§ 273, 274......................................................................................................5, 8

NYDCL § 276 ...............................................................................................................6, 7

NYDCL § 176 ..................................................................................................................6

NYDCL § 278 ..................................................................................................................8

## PRELIMINARY STATEMENT

In 2013, Kedis Enterprises, LLC ("Kedis") lent money to benefit Jaina Systems Network (hereinafter "Jaina"), and in 2014 and 2015 Jaina repaid that money.  In full recognition that these simple transactions completely defeat Geo-Group Communications, Inc.'s ("GCI") allegations in their third iteration of what should be a straightforward complaint, they barely even mentions Kedis, 728 Melville Petro, LLC ("Melville") or JMVD Hillside, LLC ("JMVD") (collectively the "Corporate Defendants") in opposition to the present motion.

What little mention GCI does make of the Corporate Defendants relates more to the liberal pleading standard to which GCI desperately clings than to its own allegations.  Yet no pleading standard obviates the need to state a claim and GCI has not done so.  Still, GCI would have this Court waste the parties' time and money simply to arrive at a foregone conclusion.

One telltale is GCI's staunch reliance on pleading standards instead of plausible theories. GCI fails to give the Corporate Defendants notice of any theory under which the transfers to the Corporate Defendants benefit a Jaina insider.  GCI does not allege any of the transferees are insiders or even that they are partially owned by insiders.  The best GCI can do is allege that the Corporate Defendants knew of GCI's enforcement action against Jaina and so the Corporate Defendants did not receive the transfers in good faith.  That analysis flouts Second Circuit law.

While GCI blithely labels Neminath an "insider," it fails to explain the materiality of that given that Neminath did not retain a benefit.  GCI does not dispute that Kedis is a Jaina creditor, Jaina received the benefit of transfers from Kedis long before GCI initiated arbitration against Jaina, and Neminath – an intermediary that retained no benefit at all from any of these transactions – brokered the deal.  Having shown an antecedent debt as well as the good faith receipt of Jaina funds, the Corporate Defendants submit this memorandum of law in further support of its motion to dismiss, with prejudice, GCI's Third Amended Complaint ("TAC").

## ARGUMENT

Notably, GCI's opposition to the present motion is fleeting, scattered, and generally speaking, an afterthought.  That is because GCI – now in possession of documentary evidence that clearly shows the existence of an antecedent debt repaid by Jaina in good faith – knows it is fighting a losing battle as against the Corporate Defendants.

GCI's efforts to resuscitate its fraudulent transfer claims against the Corporate Defendants focus primarily on the pleading standard under Rule 12(b)(6) and the alleged impropriety of documentary evidence at the motion to dismiss stage.  *See* Opposition Br. at 12. GCI fabricates the Corporate Defendants' request to convert the present motion to one for summary judgement – no such request was made – and in doing so misconstrues this Court's recent opinion dismissing GCI's prior complaint.  *Id*; *see also Geo-Grp. Commc'ns, Inc. v. Chopra*, 2016 WL 390089, at *7 (S.D.N.Y. Feb. 1, 2016) (hereinafter "Opinion" or "Op.").  GCI fixates on "doctrine" instead of documents and what they clearly show.  Opposition Br. at 12-13.

GCI would have this Court view the documents annexed to the Corporate Defendants' moving brief as extraneous, but GCI's very own statement of the law supports a different conclusion.  GCI notes that "a fair object of consideration on a motion to dismiss" includes "integral" documents "upon which the plaintiff's complaint stands or falls, but which for some reason – *usually because the document, read in its entirety, would undermine the legitimacy of plaintiff's claim* – was not attached to the complaint."  Opp. Br. at 15 (emphasis added).[1]

---

[1] GCI claims the Court should not consider the banking records annexed to the Corporate Defendants' moving brief because "it has never seen them before."  Opposition Br. at 22.  Yet these records completely undermine GCI's case as they are documentary proof of an antecedent debt that was properly repaid.  It is unclear what rationale or manufactured prejudice GCI seeks to rely upon in simultaneously complaining that these documents are extraneous because GCI has not seen them before but that GCI is prejudiced because it has not had the benefit of protracted discovery.  *See* Opposition Br. at 16.  Quibbling over the contours of F.R.C.P. 12(b)(6) aside, GCI is now able to see material records and unless it wishes to pursue frivolous litigation GCI should acknowledge the import of these records for their complaint rather than misuse the F.R.C.P. 12(b)(6) pleading standard for its own benefit.

In short, all of GCI's claims against the Corporate Defendants are premised upon the assumption that no records exist showing an antecedent debt that was satisfied by the allegedly fraudulent transfers.  Their claims are fallacy given the straightforward documentary evidence to the contrary:

| Date | Amount | Sender | Recipient | Source |
|---|---|---|---|---|
| 1/22/2013 | 600,000.00 | Kedis | Neminath | Exhibit B, C to Mov. Br. |
| 1/22/2013 | 40,000.00 | Neminath | Jaina | Exhibit E to Mov. Br. |
| 1/22/2013 | 60,000.00 | Neminath | Jaina | Exhibit E to Mov. Br. |
| 1/23/2013 | 40,000.00 | Neminath | Jaina | Exhibit E to Mov. Br. |
| 1/23/2013 | 150,000.00 | Neminath | Jaina | Exhibit E to Mov. Br. |
| 1/24/2013 | 70,000.00 | Neminath | Jaina | Exhibit E to Mov. Br. |
| 1/28/2013 | 100,000.00 | Neminath | Jaina | Exhibit E to Mov. Br. |
| 1/28/2013 | 60,000.00 | Neminath | Jaina | Exhibit E to Mov. Br. |
| 2/6/2013 | 50,000.00 | Neminath | Jaina | Exhibit E to Mov. Br. |
| 12/16/2013 | 200,000.00 | Kedis | Jaina | Exhibits A, C to Mov. Br. |
| 1/9/2014 | 100,000.00 | Jaina | Kedis | TAC ¶ 51 |
| 1/15/2014 | 100,000.00 | Jaina | Kedis | TAC ¶ 52 |
| 8/13/2014 | 200,000.00 | Jaina | JMVD | TAC ¶ 44 |
| 10/16/2014 | 140,000.00 | Jaina | Melville | TAC ¶ 37 |
| 10/17/2014 | 60,000.00 | Jaina | Melville | TAC ¶ 37 |
| 10/22/2014 | 80,000.00 | Jaina | Melville | TAC ¶ 37 |
| 10/23/2014 | 80,000.00 | Jaina | Melville | TAC ¶ 37 |
| 10/29/2014 | 100,000.00 | Jaina | Melville | TAC ¶ 37 |

The statutory wording of the constructive fraudulent conveyance provisions requires the *absence* of fair consideration, and so the absence of a loan agreement pertaining to the transfers in question is unequivocally integral to the constructive fraudulent conveyance claims.  As to the actual fraudulent conveyance claim, the documents are equally integral as they eviscerate any possibility of Jaina's fraudulent intent, which the statute expressly requires.

## I.      Constructive Fraudulent Conveyance Claims

GCI's opposition to the present motion is somewhat puzzling, namely because GCI on the one hand argues that the documents annexed to the Corporate Defendants' moving brief "do

not demonstrate the existence of an antecedent loan made for fair consideration," but also that "[t]he LLC Defendants focus on 'fair consideration' misses the point."  Opposition Br. at 23.

In fact, the point is that where a clear antecedent debt is evidenced by a notarized writing, allegations of fraud as to subsequent transfers, at the behest of the creditor, which total the exact amount of the debt, plus interest, are simply not plausible.  *See* Mov. Br. at 5-6 (*citing In re Vivaro Corp.*, 524 B.R. 536, 556 (Bankr. S.D.N.Y. 2015)).  GCI would have this Court create a presumption of fraud every time a legitimate debt is paid by a struggling company, the absurdity of which need not be further explained.  This, of course, is difficult to square with the well-established rule, to which GCI admits in opposition, that "a debtor generally has [the] right to choose who to pay first."  *See* Opposition Br. at 23.  The purpose of this rule is to keep struggling companies out of court and allow them to operate rather than burden them with voluminous discovery only to reestablish what a clear, written agreement already shows.

Nevertheless, GCI attempts to position this case as exceptional, arguing that "there is still a requirement that the transferee take the transfer in good faith if the transferor has acted in bad faith, such as in an attempt to defraud its judgment creditors."  Opposition Br. at 23-24.  Yet GCI's argument effectively rewrites Second Circuit law: the transferor's actions – however fraudulent – cannot form the basis for a determination that the transferee acted in bad faith, *even if the transferee is aware of those actions.  See In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2005) ("State Street's knowledge of the Spitzes' fraud, without more, does not allow an inference that State Street received the $12.25 million payment in bad faith.")

Nor is GCI's citation to *Sardis v. Frankel*, 113 A.D.3d 135, 139, 978 N.Y.S.2d 135 (2014) in any way relevant to this case.  That case involved an oral agreement, not a written loan document, to gratuitously transfer a multi-million dollar apartment from the transferor to her son,

which defendants there conveniently alleged was entered into 10 years prior to the actual transaction plaintiff sought to unwind.  *Id*.  A critical aspect of the good faith inquiry requires a court to "compare the rough values of what was given and what was received in exchange." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 449 (S.D.N.Y. 2014) (distinguishing *Sardis v. Frankel*, 113 A.D.3d 135, 139, 978 N.Y.S.2d 135 (2014)).  In *Sardis*, an inherently suspicious ten year old oral agreement for a transfer of a multi-million dollar apartment – in exchange for nothing – was found insufficient to form the basis for an antecedent debt.

Here, GCI does not dispute the authenticity of the written loan agreement and the banking records that show a loan and repayment of loan.  Nor is there any reason to think these documents are not authentic, or do not actually show what they purport to show.  GCI attempts to attack the propriety of Kedis' loan agreement with Neminath, arguing "(a) Jaina is not a party to the note agreement and it would not be enforceable against Jaina; (b) the party was Neminath, a company apparently owned and controlled by M. Shah."  Opposition Br. at 24.  Yet Jaina is an "Affiliate" under the agreement precisely because Neminath is controlled by Mahendra Shah.  *See* Mov. Br. at 12.

GCI's argument that "(c) when Jaina paid the LLC Defendants at Chopra instruction, it was satisfying a debt to Neminath, an insider owned by M. Shah" fares no better.  *See* Opposition Br. at 24.  First and foremost, Neminath is not wholly-owned by Jaina insiders; rather it is only controlled by Jaina insiders.  Yet even more importantly, GCI again ignores the existence of an antecedent debt evidenced by the documents annexed to the Corporate Defendants' moving brief.  In this regard, Neminath is in the exact same position as the Corporate Defendants, and so the exact same arguments apply to any benefit it received.

Neminath took a loan from Kedis on Jaina's behalf.  The loan agreement, together with the bank records showing funds from Kedis to Neminath to Jaina over the course of a few days, makes that fact all but indisputable.  *See* Mov. Br. at 13-14.  Even accepting GCI's argument that Jaina's transfers to the Corporate Defendants benefitted Neminath by extinguishing Neminath's debt to Kedis, Jaina's debt to Neminath is an antecedent debt to which the NYDCL does not extend, again because "a debtor generally has [the] right to choose who to pay first."  Opposition Br. at 23.  Moreover, no arbitration or litigation had been brought by GCI against Jaina at the time in incurred a debt to Neminath.  *See* DCL § 273-a.  Jaina was not left "insolvent" or with "unreasonably small capital" when it repaid that debt.  *See* DCL §§ 273, 274[2]; *see also* Mov. Br. at 17-18.  Perhaps the only difference between Neminath and each of the Corporate Defendants is that Neminath is controlled by a Jaina insider, Mahendra Shah, but Shah does not own Neminath; he is one of several owners that are not Jaina insiders.

## II.   Actual Fraud Claim

In opposition GCI refocuses on its recently-dismissed DCL § 276 claim[3] as a creative effort to avoid the effect of the banking records the Corporate Defendants have annexed to their moving brief.  DCL § 276 reads: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."  GCI must plead particularized facts supporting a theory that Jaina, in transferring funds to the Corporate Defendants, was *not simply paying back an antecedent debt* but was actually transferring funds for a *different purpose*, i.e. "to hinder, delay, or defraud either present or future creditors."

---

[2] GCI does not oppose these arguments and therefore they must be deemed admitted.  *Cf. Finkel v. Romanowicz*, 577 F.3d 79, 81, n. 1 (2d Cir.2009).

[3] Throughout its opposition GCI refers to "DCL § 176."  Granting GCI all favorable inferences, the Corporate Defendants presume GCI erred and intended to refer to DCL § 276 as § 176 does not relate to the issues in this case.

Yet GCI's allegations are not even consistent with the banking records annexed to the Corporate Defendants' moving brief, let alone pled with the particularity required by F.R.C.P. 9(b). *See* Mov. Br. at 19. An antecedent debt and subsequent payments in the same amount support the inference that ordinary business transactions are taking place, not that Jaina was attempting "to hinder, delay, or defraud." DCL § 276. GCI has failed to allege that any of the Corporate Defendants have any overlap in ownership or control whatsoever with any of those involved with Jaina. It has failed to allege that the transfers to the Corporate Defendants somehow indirectly benefitted Ravi Chopra, Mahendra Shah, or any other Jaina insider. GCI has not alleged any kind of asset protection scheme with which the Corporate Defendants assisted.

It is what GCI fails to plead that reveals the weakness of its case against the Corporate Defendants. It simply has not pled a particularized theory of fraud capable of reinterpreting what is so clearly an $800,000 loan and an $860,000 loan repayment plus interest and fees. The only inference to be drawn is that these are regular business transactions. *See* Mov. Br. at 5-6 (*citing In re Vivaro Corp.*, 524 B.R. 536, 556 (Bankr. S.D.N.Y. 2015)).

Even more absurd still is the notion that because GCI has pled a valid DCL § 276 claim against other defendants in the case it has automatically pled a valid DCL § 276 claim against the Corporate Defendants. *See* Opposition Br. at 23. F.R.C.P. 9 requires allegations that relate specifically to the Corporate Defendants. *See* Mov. Br. at 19 (*citing Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 310 (Bankr. S.D.N.Y. 1999)). Moreover, Second Circuit law requires that GCI plead badges of fraud. *In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2005) (badges of fraud include "a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; ... and retention of control of the property by the transferor after the conveyance.")

GCI has not pled a close relationship between a Jaina insider and the Corporate Defendants or their principals.  GCI cannot show these transactions were unordinary or for inadequate consideration due to the documents annexed to the Corporate Defendants' moving brief.  GCI has not alleged that Jaina retained control of loan payments to the Corporate Defendants.

In opposition GCI does not dispute the fact that Kedis loaned $600,000 to Jaina by way of a written loan agreement and that the transfers repaid this loan.  It does not dispute that Kedis loaned an additional $200,000 and was paid back days later.  When a company owes a debt amounting to a sum certain, and it makes a transfer in that exact amount, plus interest and costs, and does so at the behest of the original creditor, there is no fraudulent inference to be drawn.  Given these circumstances, GCI cannot raise suspicion with respect to the Corporate Defendants – which have proffered documents clearly showing the unequivocal, legitimate motive to transfer funds to Kedis and its assignees – that satisfies the requirements of F.R.C.P. 9.

## III.   The Corporate Defendants' Motion to Dismiss

In its motion to dismiss, the Corporate Defendants raised a number of arguments that GCI has left altogether unopposed.  First, by largely ignoring the documentary evidence annexed to the Corporate Defendants' moving brief and which is integral to GCI's claims GCI has failed to rebut the presumption of fair consideration raised by unequivocal documentary evidence.  *See* Mov. Br. at 10-11 (*citing In re Vivaro Corp.*, 524 B.R. 536, 556 (Bankr. S.D.N.Y. 2015)).  GCI has also failed to rebut the Corporate Defendants' arguments relating to NYDCL §§ 273 and 274, namely that GCI's own complaint refutes its own allegation that Jaina was left insolvent or with "unreasonably small capital."  *See* Mov. Br. at 23-25.  The Corporate Defendants have argued, and GCI admits that it cannot use the NYDCL to unwind transactions that gave preferential treatment to creditors other than GCI.  *See* Mov. Br. at 15-16; *see also* Opp. Br. at 23.  Finally, GCI has failed to oppose the Corporate Defendants' arguments relating to NYDCL

§ 278, i.e. that GCI's failure to allege specific knowledge of the alleged fraud *on the part of the Corporate Defendants* insulates them from liability under the NYDCL.  Mov. Br. at 20-23.

Where the non-movant fails to oppose arguments made in support of dismissal those arguments can only be deemed admitted.  *See e.g. Kenific v. Oswego Cty.*, No. 5:07-CV-0213, 2010 WL 2977267, at *5 (N.D.N.Y. July 23, 2010) (legal arguments left unopposed were deemed admitted because movant had complied with the rules of procedure, counsel for non-movant was an experienced litigator, non-movant had prior notice of the arguments left unopposed, and over one month months passed between the filing of the motion and the filing of non-movant's opposition papers).  Here, the Corporate Defendants have complied with the rules of procedure, GCI's counsel is an experienced litigator, GCI had prior notice of all the aforementioned arguments as they were all contained within the prior motion to dismiss, and more than one month has passed since the Corporate Defendants' filing of its moving papers.

In short, these various arguments must be deemed admitted and consequently the Corporate Defendants' motion to dismiss the TAC must be granted with prejudice for this reason alone, if not for the reasons set forth above.

## CONCLUSION

For the foregoing reasons, the Corporate Defendants respectfully request that the complaint be dismissed with prejudice.

Date:  May 13, 2016                                   Respectfully submitted,

                                                     By: _____
                                                     Andrew I. Hamelsky, Esq.
                                                     White and Williams LLP
                                                     7 Times Square | Suite 2900
                                                     New York, New York  10036
                                                     Phone: 212-631-4406
                                                     E-mail: hamelskya@whiteandwilliams.com
                                                     *Attorneys for Corporate Defendants*

17078227v.1