```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 1, 2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEO-GROUP COMMUNICATIONS, INC.          :

                Plaintiff,          :          **Index No. 15-cv-1756 (KPF)**

-against-          :

RAVI CHOPRA, MAHENDRA SHAH, VIPIN
SHAH, 728 MELVILLE PETRO LLC, KEDIS
ENTERPRISES LLC, JMVD HILLSIDE LLC,          :
NYC TELECOMMUNICATIONS CORP., and
SHALU SURI          :

                Defendants.          :

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MAHENDRA SHAH'S AND VIPIN SHAH'S RESPECTIVE MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b) (6)

Anil K. Arora, Esq.
Law Office of Anil K. Arora
525 Palmer Avenue
Maywood, NJ 07607
ph:  (201) 880-1980
fax: (201) 880-1979
AroraLawOffices@gmail.com

Attorney for Defendants Mahendra Shah
and Vipin Shah

Defendants Mahendra Shah ("M. Shah") and Vipin Shah ("V. Shah") (collectively referred to as the "Shah Defendants") respectfully submit this Memorandum of Law in reply to the Plaintiff's opposition (Dkt #125) to the Shah Defendants' respective Motions to Dismiss the Complaint that were previously filed *pro se.* (Dkt #115 and #118).

## PRELIMINARY STATEMENT

Plaintiff's Third Amended Complaint ("TAC") (Dkt #105) suffers from several fundamental flaws, including the fact that it has failed to correct the severe pleading deficiencies that the Plaintiff committed in its prior complaints. As further evidence of the Plaintiff's failure to sufficiently plead with factual specificity the claims of constructive fraudulent conveyance, the Plaintiff's opposition again recites and relies upon a bevy of bold factual allegations and assertions that it has no business making and for which it has failed to provide any actual "fact" that would otherwise differentiate said assertions from mere conclusory statements. Not only are the Plaintiff's allegations unsupported and unaccompanied by actual facts, but they are also simply not accurate. Put another way, a lie, no matter how many times one may repeat it, remains a lie. Its continued utterance does not magically transform it into the truth.

In any case, Plaintiff's opposition does not show how its continued regurgitation of vague and generalized allegations satisfy federal pleading standards, especially in a case involving fraudulent transfer in violation of the New York Debtor and Creditor Law (the "NYDCL"), which must be plead with particularity. The Plaintiff would have this Court believe, by virtue of all the different dates and amounts of payment that it has inserted into its TAC, that it has indeed plead its claims with particularity. But the simple truth is that the payment information tells but a very small part of the story. There are no specifics as to the alleged wrongful conduct other than to simply state that a variety of random payments were made to various individuals

and entities over the past two years. The Plaintiff's overall pleading style, as well as specific failings as to particular elements of its causes of actions, requires that the TAC be dismissed with prejudice.

## LEGAL STANDARD

### A. Motions Made Pursuant to F.R.C.P. 12(b)(6)

The Plaintiff, noting the "plausibility standard" as set forth in the Supreme Court's seminal decisions of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), downplays the broad range of the standard, and claims that "the plausibility standard is not a heightened pleading standard." (Dkt #125 at 18). To say the least, such a statement is misguided, and bespeaks a fundamental misunderstanding of the keen enquiry that *Twombly* demands.

On a motion to dismiss made pursuant to F.R.C.P. 12(b)(6), the complaint's non-conclusory allegations are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). However, *Twombly* made clear that while F.R.C.P. 8(a) requires only a short and plain statement that gives notice to the defendant, it also requires that the factual allegations "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, at 235-36 (3d ed. 2004)). In applying such general standard, the Court held that the complaints must contain enough factual matter to establish "plausible grounds" for relief. *Id.* at 556.

While federal courts generally require only notice pleading, F.R.C.P. 8(a)(2), there must still be "enough factual matter (taken as true) to suggest the required element." *Rivell v. Private*

*Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (internal quotations omitted). Mere labels, conclusions, and formulaic recitations of the elements are, as always, insufficient. *Twombly*, 550 U.S. at 555. Hence, when ruling on a defendant's Motion to Dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir. 2009).

As the Supreme Court subsequently explained, two working principles underlie *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 664 (citing *Twombly*, 550 U.S at 557), Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on **its judicial experience and common sense.**" *Id.* (emphasis added).

At this stage, then, this Court is to determine whether the challenged pleading includes more than an unadorned, the-defendant-unlawfully-harmed-me accusation, as demanded by FRCP 8. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S., at 555). Nor does a complaint suffice if it tenders **"naked assertions[s]" devoid of "further factual enhancement."** *Id.* (quoting *Twombly*, 550 U.S., at 557) (emphasis added). To be certain, on a

3

motion to dismiss, **courts "are not bound to accept as true a legal conclusion couched as a factual allegation."** *Twombly*, 550 U.S., at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (emphasis added).

Hence, while the plausibility standard is not akin to a "probability requirement", it nevertheless asks "for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S., at 678. Where a complaint pleads facts that are "**merely consistent** with" a defendant's liability, it "**stops short of the line between possibility and plausibility of 'entitlement to relief.'**" *Id.* (quoting *Twombly*, 550 U.S. at 557) (emphasis added).

The distinction of "plausibility" versus "possibility" is key; for "where the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged- **but it has not 'show[n]'**- 'that the pleader is entitled to relief,'" and thus the complaint cannot survive a motion to dismiss. *Id.* at 679 (quoting FRCP 8(a)(2)) (emphasis added).

In the instant action, then, the Plaintiff has the burden of pleading facts that would indicate that the Shah Defendant's actions amounted to a violation of the NYDCL and, to satisfy *Twombly*, cite in its complaint grounds for relief that are *plausible*, not only *possible*, to survive a 12(b)(6) motion to dismiss. The Plaintiff's threadbare Third Amended Complaint provides little more than conclusory allegations and formulaic recitations of the elements of a constructive fraudulent conveyance claim under §§ 273, 273-a and 274, and thus must be dismissed with prejudice, as set forth more fully below.

### B. Pleading Requirements for NYDCL §§ 273, 273-a and 274

§ 273 of the NYDCL governs transfers of assets by insolvent debtors, and provides that "[e]very conveyance made…by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without fair consideration." *Geo-Group Communications, Inc. v. Chopra*, 2016 WL 390089, at 7-8 (SDNY Feb. 1, 2016) (hereinafter "Opinion" or "Op") (quoting NY Debt. & Cred. L. § 273).

§ 273-a of the NYDCL pertains to asset transfers made by a defendant in an action for money damages, and states, in pertinent part, that "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." *Id.*, at 8 (quoting NY Debt. & Cred. L. § 273-a).

§ 274 of the NYDCL "applies when a transferor 'is engaged or is about to engage in a business or transaction' for which the transferor's remaining assets after a conveyance constitute 'unreasonably small capital.'" *Id.*, at 9 (quoting NY Debt. & Cred. L. § 274). "Such a conveyance, if made without fair consideration, 'is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to [the transferor's] actual intent.'" *Id.*

Accordingly, in order to properly plead a violation of NYDCL §§ 273, 273-a or 274, a plaintiff must include allegations of a lack of fair consideration in its complaint, as well as allegations of either insolvency (for §§ 273 and 273-a) or of an unreasonably small capital reserve (for § 274).

5

"Under New York law, the party seeking to have the transfer set aside as has the burden of proof on the element of fair consideration and, since it is essential to a finding of fair consideration, good faith." *In re Actrade Fin. Techs. Ltd.*, 337 B.R. 791, 802 (Bankr. SDNY 2005) (citing *United States v. McCoombs*, 30 F.3d 310, 326 (2d. Cir. 1994) (the burden for establishing unfair consideration…rests with the party asserting the fraudulent conveyance claim).

Thus, where a plaintiff fails to properly allege the absence of at least one of the elements of fair consideration, its complaint shall be dismissed upon motion. *In re Sharp Int'l Corp.*, 403 F.3d 43, 48 (2d. Cir. 2005) (affirming dismissal of constructive fraudulent conveyance claim for failing to allege lack of good faith).

Where on a motion a court is presented with documentary evidence showing an antecedent debt owed the transferee by the transferor, the court will presume payments therefrom are on account of that antecedent debt. *In re Vivaro Corp.*, 524 B.R. 536, 556 (Bankr. SDNY 2015). Hence, even on a motion to dismiss, a plaintiff bears the burden of rebutting the presumption of fair consideration raised by unequivocal documentary evidence. Id. (conclusory allegations do not rebut the presumption of consideration raised by documentary evidence of an antecedent debt).

## LEGAL ARGUMENT

### I. Plaintiff Has Not Alleged Fraudulent Conveyance With Sufficient Particularity

The TAC represents the Plaintiff's *fourth attempt* to state a claim against the Shah Defendants. As this Court noted in dismissing Plaintiff's Second Amended Complaint, "[t]his fact alone might tend to suggest that amendment cannot cure" the Plaintiff's complaint. Op. at 22, n.5. As a simple review of the TAC reveals, the Court's suspicion was correct.

In its Third Amended Complaint, the Plaintiff has continued its style of improper and conclusory pleading. As to V. Shah, the TAC asserts the following allegations:

- "There is no evidence that any of the payments made to V. Shah were made to discharge any legitimate antecedent loan or other debt Jaina allegedly incurred to V. Shah." TAC ¶62
- "There is no legitimate business reason for Jaina to have transferred $760,000.00 to V. Shah." TAC ¶63
- "There is no evidence that the $760,000.00 in payments to V. Shah were a fair exchange for any goods, services, property or property rights that V. Shah allegedly provided or promised to provide Jaina." TAC ¶64
- "[V. Shah] knew or should have known that the money paid to him was not a fair value exchange or discharge of an antecedent loan or debt." TAC ¶99
- "[V. Shah] knew or should have known that the transfers to him served no legitimate purpose and would likely reduce the amount of funds Jaina would have to meet its obligations to its creditors, which the Transfers ultimately did." TAC ¶100
- "V. Shah is responsible to Geo-Group for the $760,603.00 Jaina transferred to him since Geo-Group commenced the arbitration proceedings against Jaina." TAC ¶101
- "V. Shah knew or should have known that the transfers made to him were intended by others to hinder, delay or defraud Jaina's creditors, including Geo-Group." TAC ¶104
- "V. Shah is liable to Geo-Group for the $760,603.00 transferred to him." TAC ¶109

The above allegations represent the entirety of the allegations where V. Shah is even mentioned in the TAC, with the exception of four allegations- almost identical to one another- that simply set forth his familial relationship with two of Jaina's shareholders.

7

Nowhere in any of the allegations against V. Shah does the plaintiff actually provide a factual or rational basis for *any* of its conclusory assertions. Instead, the allegations are very clearly intended by the Plaintiff to satisfy the required elements of constructive fraudulent conveyance under NYDCL §§ 273, 273-a and 274, without any regard whatsoever as to the actual *basis* for said allegations. In this respect, the statements are nothing more than "legal conclusions couched as factual allegations." *See Twombly*, 550 U.S. at 555. As is already well-settled, "a formulaic recitation of the elements of a cause of action" simply will not do. *Id.*

From a review of its opposition to the Defendants' Motions to Dismiss, it appears that the Plaintiff is erroneously relying on V. Shah's familial relationship with Jaina's shareholders while at the same time ignoring V. Shah's sworn statements and then misapplying existing case law. In his Motion to Dismiss, V. Shah has stated, under oath, that he routinely leant tens of thousands of dollars to Jaina and that Jaina would, in turn, regularly pay the short term loans back to him. (Dkt #118, at 4-5) All of these loans and payments were done by check, and the Plaintiff has apparently chosen to only present the Court with the details of the payments from Jaina to V. Shah while totally disregarding all of the corresponding funds Jaina borrowed from V. Shah. Id.

In addition, V. Shah has stated that, years ago, he took out a $250,000.00 mortgage on his residence for the benefit of Jaina, and that Jaina has been repaying him the monthly mortgage payments of $4,400.00 since before the Plaintiff's underlying arbitration against Jaina even began. Id, at 5.

Obviously, considering the transfer details- including dates and exact amounts- that Plaintiff has inserted into the TAC, the only possible conclusion is that the Plaintiff is in possession of Jaina's bank records and that said records were an integral part of drafting the

8

TAC. Yet despite having the records in its possession, the Plaintiff has thus far failed and refused to acknowledge the veracity of V. Shah's statements regarding the debit and credit entries in the bank statements. Instead, the Plaintiff has disingenuously attempted to misrepresent the "facts" to the Court, by only identifying the payments Jaina has made to V. Shah, without ever once providing any detail of all of the funds Jaina first received from V. Shah by way of an antecedent debt.

Generally, a transfer made to another creditor in discharge of an antecedent debt is fair consideration even though it is preferential. *See Pashaian v. Eccelston Props.*, 88 F.3d 77, 85 (2d. Cir. 1996). The exception to this rule is that "preferences to a debtor corporation's shareholders, officers or directors are deemed not to be transfers for fair consideration." *Id*, at 85-86; *Atlanta Shipping Corp. v. Chem. Bank*, 818 F.2d 240, 249 (2d Cir. 1987) ("[R]epayment of an antecedent debt constitutes fair consideration unless the transferee is an officer, director, or major shareholder of the transferor.")

The Plaintiff, in its opposition, has misguidedly relied upon the aforementioned exception, presumably as a means to justify its naked assertions that there is no fair consideration for the payments from Jaina to V. Shah. In doing so, however, the Plaintiff has clearly mis-stated the law. Despite the very clear and unambiguous language of existing case law that provides that "preferences to a debtor's corporation's *shareholders, officers* or *directors* are deemed not to be transfers for fair consideration", the Plaintiff has decided on its own, without *any* legal authority, to somehow extend that exception to the *family members* of a debtor corporation's shareholders, officers or directors. (See Dkt #125, at 23, wherein Plaintiff argues "That rule applies to the family members of officers, directors and shareholders as well"; and at 24, wherein Plaintiff claims "The transfers to V. Shah were transfers from one corporate insider

9

to the spouse of another, and thus are deemed to lack fair consideration as a matter of law."). Indeed, the plaintiff's reliance, in its opposition, upon the holdings of *U.S. v. McCoombs*, 30 F.3d 310, 324 (2d Cir. 2004) and *Lyman Commerce Solutions, Inc. v. Lung*, No. 12-civ-4398, slip op. at 20 (SDNY April 20, 2015) are both plainly misguided.

As is its pattern, the Plaintiff is very conspicuously attempting to fit the actual facts of this case into its own self-serving narrative, by means that include manipulation of some facts, ignorance of other facts and the bold misapplication and misstatement of applicable law.

As for the Plaintiff's allegations against M. Shah, each one essentially asserts the same fact- namely, "that Jaina, with the knowledge and consent of Jaina's president, M. Shah, made payments" to the other named defendants in the amounts, and on the dates, set forth in the TAC. And further, that "M. Shah knew or should have known that the transfers he was making did not represent a fair value exchange or discharge of an antecedent loan or debt" and/or "were not being made in good faith." TAC ¶¶ 23, 27, 31, 37, 44, 51, 52, 59, 90, and 93.

Again, as with V. Shah, the allegations against M. Shah are designed to satisfy the required elements of the NYDCL while foregoing the assertion of any actual basis for same. For example, *why* should M. Shah have known that the transfers he was making did not represent a fair value exchange or discharge of an antecedent loan or debt? There is absolutely no basis or support for that naked assertion, since the Plaintiff has failed to provide *any* explanation for why it repeatedly alleges that none of the payments set forth in the TAC did *not* represent a fair value exchange or discharge of an antecedent debt. Instead, the Plaintiff has again chosen to simply make conclusory allegations without any level of concern as to why the Court should consider them plausible.

...

Further damaging its chances of surviving Defendants' motion to dismiss, the Plaintiff has also failed to adequately plead the financial status of Jaina. To successfully plead a claim under NYDCL §§ 273 and 274, the Plaintiff must plead that Jaina was insolvent, and that Jaina was left with unreasonably small capital, respectively, at the time of each transfer to be set aside. As exhaustively and successfully argued by Defendants 728 Melville Petro LLC, Kedis Enterprises LLC and JMVD Hillside LLC ("LLC Defendants") in support of their respective Motion to Dismiss, the Plaintiff's own allegations not only fail to do this, but directly refute it. (Dkt #115, at 23-24).

By examining the amounts and dates of payments as detailed by the Plaintiff in its TAC, it is obvious that Jaina could not possible have been insolvent subsequent to most of the transfers in questions. Indeed, as apparently evidenced by the bank statements attached to the LLC Defendants' Motion as Exhibit A, Jaina had deposits in excess of $2.4 million in October 2014 alone, and in excess of $1.3 million in November 2014. (Dkt #115-A, at 42 and 47). Accordingly, at the very least, all payments and transfers that occurred prior to November 2014 should be automatically removed from consideration in this matter, as Jaina was clearly neither "insolvent" nor left with "unreasonably small capital" following said transfers.

Moreover, in order "[t]o evaluate the sufficiency of a complainant's insolvency allegations, the court looks for some sort of 'balance sheet' test or information provided that the [c]ourt can use to infer that the corporation's liabilities exceeded their assets at the time the transfers took place." *In re Vivaro Corp.*, 524 B.R. at 551. Despite this being the Plaintiff's proverbial fourth bite at the apple, a simple reading of the TAC reveals that the Plaintiff still has not provided any sort of "balance sheet" information to support its conclusory insolvency allegations. As such, the TAC's claims are defective. *See In re Operations NY LLC*, 490 B.R.

84, 98 (Bankr. SDNY 2013) (dismissing the claim under § 273's higher "insolvency" bar where the "Complaint does not allege any facts relating to the Debtor's sales, its ability to generate cash or its ability to pay its debts and sustain itself.")

In light of the foregoing, the Plaintiff's NYDCL §§ 273, 273-a and 274 claims are again poorly plead and fundamentally flawed, warranting dismissal with prejudice.

As to the Plaintiff's NYDCL § 276 claim, the FRCP 9(b) standard must be applied and thus specific factual allegations of fraud are required in the Complaint.

In assessing the possible existence of "badges of fraud", the only one which the Plaintiff can establish regarding M. Shah and V. Shah is the "family, friendship or close associate relationship between the parties." *See In re Kaiser*, 722 F.2d 1574, 1582 (2d Cir. 1983). As pointed out earlier, however, the parties' familial relationship is readily conceded and does nothing to bolster the Plaintiff's meritless and spurious claims. Despite having been given yet another opportunity to rehabilitate and amend its defective Complaint, the Plaintiff has persisted in repeating the same fatal flaws. Notwithstanding the addition of specific amounts and dates of transfers, the TAC still consists of nothing more than conslusory allegations that are "merely consistent with" the defendants' possible liability. As such, the pleading "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal, 556 U.S. at 678* (quoting *Twombly*, 550 U.S. at 557). Moreover, absent specific allegations, the TAC falls far short of satisfying the more heightened standard of Rule 9(b).

## II.     The Plaintiff Has Failed To Exhaust Its Remedies Against Jaina

"In actions by a creditor to satisfy or enforce a corporate liability, …a creditor must ordinarily exhaust his remedies at law by obtaining a judgment against the corporation and by the return of an execution unsatisfied." *Rodgers v. Logan*, 121 A.D.2d 250, 253 (N.Y. App. Div. Ist Dep't 1986). However, "where it is impossible or futile to obtain such judgment, the creditor can maintain an action directly against the directors or shareholders, even though no judgment has been obtained." *Id.*

Here, the Plaintiff has apparently not yet bothered to proceed further against Jaina since it first obtained its judgment against it in April 2015. No writ of execution has been issued or served, nor have there apparently been any actual attempts to enforce the judgment. Moreover, there has been no allegation that Jaina has been formally dissolved. In the TAC, and again in its opposition to Defendant's Motion to Dismiss, the Plaintiff has alleged that Jaina "as of January 2015 ceased its operations" and that it now has no bank accounts and no liquid assets." Certainly, those are very specific facts, but it begs the question as to how the Plaintiff could possibly know such facts if it has never bothered to enforce the judgment? Jaina has not formally dissolved, nor has it filed a petition for bankruptcy. In that light, without establishing any basis for its allegations, the Plaintiff has not shown that it is "impossible or futile" to execute on its judgment.

13

### III.  The Plaintiff Is Not Entitled To The Benefit of Discovery To Rescue Its Defective Third Amended Complaint

Throughout both the TAC and Plaintiff's opposition to the Defendants' Motions to Dismiss, the Plaintiff states that "there is no evidence" of fair consideration.  Yet, in reality, there has been no evidence of *lack* of fair consideration.  According to the Plaintiff, it "has not had the benefit of any discovery" and that it looks forward to ultimately engaging in discovery in order to obtain the "evidence that [the Plaintiff] would need…to rebut all of the Defendants' factual contentions." (Dkt #125 at 21).  Such transparent attempts to circumvent established Rules of Procedure have historically been unsuccessful.  Indeed, many others have tried and failed at such a tactic.  The Plaintiff deserves the same fate.

Up to this point, all that the Plaintiff has done in this matter is make allegation after allegation, in complaint after complaint, that is almost entirely conclusory in nature.  The Plaintiffs' allegations are clearly intended to just satisfy all of the many elements required for each cause of action, in order to get the Plaintiff over the proverbial "hump".  Now, in an attempt to survive Defendants' Motions to Dismiss, the Plaintiff has predictably asserted that it requires the benefit of discovery in order to obtain all of the necessary evidence to bolster its claims, which conveniently happens to allegedly be in the "custody and control of the defendants." Id.

It is well-known among practitioners and courts alike, that a complainant often aims and hopes just to "survive" a 12(b)(6) motion, as the gracious reward of liberal discovery awaits it on the other side.  However, in a fraud case such as the instant matter, the reward is not so easily granted.  Simply put, a litigant cannot make bold, unsupported allegations of fraudulent conduct in its pleading and then expect to still be given the right to then conduct discovery for evidence that it did not bother to try and obtain before it filed its pleading in the first place.

14

As the Supreme Court emphasized in *Iqbal*, "Rule 8 makes a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors to discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Here, the Plaintiff has apparently not bothered to do any of its own investigation and inquiry into the dealings and operation of Jaina. Rather than serve, for example, a post-judgment Information Subpoena upon Jaina and attempt to obtain all financial, business and banking records that would help to reveal whether or not Plaintiff's alleged suspicions of fraudulent conveyance are, in fact, true, the Plaintiff has instead boldly filed suit directly against the judgment debtor's individual president, as well as various other random individuals and corporate entities that have historically transacted with the judgment debtor, making serious allegations of improper and fraudulent behavior along the way, while having no real evidence or proof to justify its claims.

Federal practice, and well-plead fraud under Rule 8(a) and Rule 9(b), simply does not work this way, and no manner of artful pleading can be allowed to continue in this vain.

As this Court sternly cautioned the Plaintiff in its most recent Opinion dismissing the Plaintiff's Second Amended Complaint, "[this Court] further expects that [Plaintiff's] new counsel will think carefully before mounting claims as to any Defendant other than [Ravi] Chopra, and it reminds Plaintiff and its counsel that there will be consequences if there is again motion practice so one-sided in this matter. Op. at 22, n.5.

15

## CONCLUSION

For the foregoing reasons, the Shah Defendants do hereby respectfully request that the complaint be dismissed with prejudice, and for such other relief the Court finds just and reasonable.

Dated: June 20, 2016                    Respectfully submitted,

                                                               _____
                                                               Anil K. Arora, Esq.
                                                               Law Office of Anil K. Arora
                                                               525 Palmer Avenue
                                                               Maywood, NJ 07607
                                                               (201) 880-1980
                                                               Email: aroralawoffices@gmail.com
                                                               Attorneys for Mahendra Shah and Vipin Shah