Joseph A. Vogel (JV-5533)
KRAVET & VOGEL, LLP
555 Fifth Avenue, 14th Floor
New York, New York 10017-9257
Tel.:  212-997-7634
Fax:  212-986-5316
Email:  jvogel@kvnylaw.com
*Attorneys for Non-Party Potential Witness*
*Williston Park Realty LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

GEO-GROUP COMMUNICATIONS, INC.,

|  |  |
|---|---|
| Plaintiff, | Civil Action No.:  15-cv-01756 (KPF) |
| -against- |  |

RAVI CHOPRA; MAHENDRA SHAH; VIPIN
SHAH; 728 MELVILLE PETRO LLC; KEDIS
ENTERPRISES LLC; JMVD HILLSIDE LLC;
NYC TELECOMMUNICAITONS CORP.; and
SHALU SURI,

                    Defendants.
----------------------------------------------------------------x

---

## MEMORANDUM OF LAW IN SUPPORT OF
## NON-PARTY POTENTIAL WITNESS WILLISTON PARK REALTY LLC'S
## MOTION TO QUASH OR MODIFY RULE 30(b)(6) SUPPOENA

---

**KRAVET & VOGEL, LLP**
555 Fifth Avenue, 14th Floor
New York, New York 10017-9257
Tel.:  212-997-7634
Fax:  212-986-5316
Email:  jvogel@kvnylaw.com

*Attorneys for Non-Party Potential Witness*
*Williston Park Realty LLC*

Table of Contents

| | Page |
|---|---|
| Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ii |
| Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1 |
| Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1 |
| Facts Relevant to the Motion to Quash . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3 |
| ARGUMENT | |
| I.    The Applicable Standards Under Rules 45 and 26 . . . . . . . . . . . . . . . . . . . . . . | 4 |
| II.   The Subject Rule 30(b)(6) Subpoena Seeks Patently Irrelevant Information, And Must Be Quashed, As It Is Unduly Burdensome, Abusive And Harassing . . . . . . . . . . . . . . . . . . . . . . . | 7 |
| CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 11 |

Table of Authorities

Page

Cases

*Cohen v. City of New York*, No. 05 Civ. 6780,
    2010 WL 1837782 (S.D.N.Y. May 6, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44 (S.D.N.Y. 1996) . . . . . . . . .  5, 6, 7, 8

*During v. City Univ. of N.Y.*, No. 05 Civ. 6992 (RCC),
    2006 WL 2192843 (S.D.N.Y. Aug. 1, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Herbert v. Lando*, 441 U.S. 153 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*In re Refco Sec. Litig.*, 759 F. Supp. 2d 342 (S.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . .  5

*In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir.2003) . . . . . . . . . . .  5, 6

*John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185 (S.D.N.Y. 2012) . . . . . . .  5, 6

*Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*,
    No. 03 Civ 5560, 2008 WL 4452134 (S.D.N.Y. Oct. 2, 2008) . . . . . . . . . . . . .  6

*Night Hawk Ltd. v. Briarpatch Ltd., L.P.,* No. 03 Civ. 1382 (RWS),
    2003 WL 23018833 (S.D.N.Y. Dec. 23, 2003) . . . . . . . . . . . . . . . . . . . . . . . . .  5, 6, 8

*Salvatorie Studios, Int'l v. Mako's Inc.*, 01 Civ. 4430,
    2001 WL 913945 (S.D.N.Y. Aug. 14, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 8

*United States v. International Business Machines Corporation*,
    83 F.R.D. 97 (S.D.N.Y. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Statutes

Fed. R. Civ. P. Rule 26(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 6, 7, 8, 10

Fed. R. Civ. P. Rule 26(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Fed. R. Civ. P. Rule 26(b)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Fed. R. Civ. P. Rule 30(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 8, 9, 10, 11

Fed. R. Civ. P. Rule 45(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

Fed. R. Civ. P. Rule 45(d)(3)(A)(iv) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 10, 11

Treatises

9A Charles Alan Wright & Arthur R. Miller,
    *Federal Practice and Procedure* § 2463.1 (3d ed. 2008) . . . . . . . . . . . . . . . . . . . . . .   7

## Introduction

This Memorandum of Law is respectfully submitted on behalf of non-party potential witness Williston Park Realty LLC ("Williston Park"), in support of Williston Park's motion, brought pursuant to Rule 45(d)(3)(A)(iv) of the Federal Rules of Civil Procedure, to quash or modify the 68-page (inclusive of attachments) Rule 30(b)(6) Subpoena, dated August 27, 2017 (the "Subpoena"), that seeks a Rule 30(b)(6) deposition upon 21 topics (inclusive of subparts) and documents from non-party potential witness Williston Park that has been served by plaintiff Geo-Group Communications, Inc. ("Geo-Group").[1]

## Preliminary Statement

The subject 68-page (inclusive of attachments) Rule 30(b)(6) Subpoena[2] should be quashed in its entirety, as it seeks patently irrelevant information from a non-party and thus imposes a grossly undue burden upon Williston Park. Williston Park is a non-party, it is not mentioned anywhere in Geo-Group's Third Amended Complaint (*Docket No. 105*).[3] Nor is Williston Park or its sole owner, Mariana Ramirez (another non-party), accused in the Third Amended Complaint of making or receiving any fraudulent transfers to or from anyone. Nor did Willison Park ever engage in any transfer of assets to or from Jaina – the judgment debtor – or to or from any of the other remaining named defendants.[4]

Instead, Williston Park's only activity is that on January 14, 2016, Williston Park,

---

[1] In addition to this Memorandum of Law, Williston Park submits the accompanying Declaration of Joseph A. Vogel In Support of Motion, dated September 11, 2017 ("Vogel Declr."), with exhibits annexed thereto, and the accompanying Declaration of Mariana Ramirez In Support of Motion, dated September 11, 2017 ("Ramirez Declr."), with exhibits annexed thereto.

[2] A true copy of the subject Rule 30(b)(6) Subpoena is annexed as Exhibit 1 to the Vogel Declr.

[3] A true copy of Geo-Group's Third Amended Complaint is annexed as Exhibit 2 to the Vogel Declr.

[4] The claims against the LLC defendants, 728 Melville Petro LLC, Kedis Enterprises LLC and JMVD Hillside LLC, were dismissed by this Court's Opinion and Order, dated July 27, 2016 (*Docket No. 134*), a true copy of which is annexed as Exhibit 4 to the Vogel Declr.

purchased a one-story commercial storefront building, located at 235 Hillside Avenue, Williston Park, New York (the "Property"), from <u>another</u> <u>non-party</u>, Neminath, Inc., paying a fair, all-cash consideration of $425,000, using its sole member's personal funds, at a time when the Property's full value was assessed by Nassau County at $321,000, and gave back a 2-year lease to Neminath, Inc., so that the seller could continue the convenience store business that it had been operating at the premises since Neminath, Inc. first acquired the Property in 2002 for $120,000.[5]

Although the president of Neminath, Inc. is named defendant Mahendra Shah, no fraudulent transfer claims are alleged in the Third Amended Complaint against Neminath, Inc., and Neminath, Inc. is not a judgment debtor of plaintiff Geo-Group. It is indisputable that Williston Park's purchase of the Property resulted in a fair exchange of consideration between Willison Park and Neminath, Inc. Thus, the subject transaction cannot constitute a fraudulent transfer of judgment debtor Jaina Systems Network, Inc.'s assets, nor can it be deemed an effort to defraud Geo-Group, as the Third Amended Complaint alleges no claims against Neminath, Inc. Thus, no amount of inquiry into the circumstances of this wholly unrelated and innocuous transaction will result in any advancement as to any of the parties' remaining claims or defenses in this action.[6]

As a result, the 68-page (inclusive of attachments) Rule 30(b)(6) Subpoena seeks patently irrelevant information, wholly unrelated to the fraudulent transfer claims that remain in this case, as demonstrated by the 21 topics (inclusive of subparts) that Geo-Group demands inquiry from Williston Park's appointed Rule 30(b)(6) witness, and is thus unduly burdensome, abusive and

---

[5] See, Ramirez Declr., at ¶¶ 5-7.

[6] As determined by this Court's Opinion and Order issued July 27, 2016 (*Docket No. 134*), the only claims that remain in this case are the claims for actual and constructive fraudulent transfer against the individual defendants (Vogel Declr., Exh. 4).

2

harassing, and must be quashed.

In the alternative, the Subpoena should be modified to accept a sworn affidavit explaining Williston Park's limited, and wholly innocuous, involvement with any of the remaining named defendants (i.e., Mahendra Shah, who represented himself to be the president of Neminath, Inc.), in lieu of a full far-ranging Rule 30(b)(6) deposition on the 21 topics and subtopics demanded in the Subpoena. An alternative offered to Geo-Group's counsel on September 8, 2017, but rejected out of hand.[7]

## **Facts Relevant to the Motion to Quash**

Non-party Williston Park is a single-purpose entity owned by its sole member and manager, Mariana Ramirez, another non-party. Williston Park was formed on November 20, 2016 for the sole purpose of acquiring and holding title in its name to a certain one-story commercial storefront parcel located at 235 Hillside Avenue, Williston Park, New York (the "Property"). Williston Park is not a party to this lawsuit, nor has it ever had any business dealings with any of the named defendants. Its only connection is that the putative president of the seller of the Property, another non-party, Neminath, Inc., is named defendant Mahendra Shah. Other than meeting Mr. Shah at the closing, which occurred on January 14, 2016, neither Williston Park nor its sole member, have ever had any other or further dealings with him.[8]

Williston Park purchased the Property on January 14, 2016 for $425,000 in an all-cash deal using Willison Park's sole member's personal funds, at a time when Nassau County assessed the Property's full value at $321,000 for real estate tax assessment purposes.[9] At the

---

[7] *See* Vogel Declr., ¶ 7.

[8] *See* Ramirez Declr., ¶¶ 3-7.

[9] *See*, Ramirez Declr., Exh. 6.

3

closing, Willison Park, as landlord, gave back a 2-year commercial lease to Neminath, Inc. as tenant, to allow Neminath, Inc, to continue to run its convenience store business that it had been running at the premises since Neminath, Inc. first acquired the Property in 2002 for $120,000.[10]

Significantly, the Third Amended Complaint makes no mention of either Williston Park, its sole member Mariana Ramirez, or of the seller of the Property, Neminath, Inc.[11] Significantly, no claims of fraudulent transfers are alleged in the Third Amended Complaint to have been made by judgment debtor Jaina Systems Network, Inc. ("Jaina") of Jaina assets to either Williston Park or to Neminath, Inc.  Williston Park has no knowledge as to what, if anything, Neminath, Inc. did with the funds it received at the closing upon the sale of the Property – that is a question better directed to Neminath, Inc., not to Williston Park.

## ARGUMENT

### I.    The Applicable Standards Under Rules 45 and 26.

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of non-party subpoenas and supplies the framework for motions to quash.  Specifically, Rule 45(d)(3)(A)(iv) mandates that "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that … (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

Fed. R. Civ. P. 45(d) provides additional protection for non-parties subject to subpoena. Rule 45(d)(1) requires that a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  Determinations of issues of "undue burden" are committed to the discretion of the trial

---

[10] *See* Ramirez Declr., ¶ 7.

[11] *See*, Vogel Declr., Exh. 2.

court. *See, e.g., In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 68–70 (2d Cir. 2003); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996). Likewise, a Court's "determination to grant or deny ... a motion to quash a subpoena is discretionary." *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012).

Whether a subpoena imposes an "undue burden" "depends on such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 Civ. 1382 (RWS), 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) (citations and quotations omitted). The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Id.*; *see also Salvatorie Studios, Int'l v. Mako's Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001). Relevance in this context is subject to the over-arching relevance requirement outlined in Rule 26(b)(1). *See In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) ("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)").

Rule 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added). It is well settled that "judges may prevent [a] proposed deposition when the facts and circumstances are such that it creates an inappropriate

burden or hardship." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 70. In making this

determination, a court must limit a party's discovery if it determines that:

> (i) the discovery sought is *unreasonably cumulative or duplicative*,
> or is *obtainable from some other source* that is more convenient,
> less burdensome, or less expensive; (ii) the *party seeking discovery
> has had ample opportunity* by discovery in the action to obtain the
> information sought; or (iii) the *proposed discovery is outside the
> scope permitted by rule 26(b)(1)*.

Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

"Once the party issuing the subpoena has demonstrated the relevance of the requested

documents, the party seeking to quash the subpoena bears the burden of demonstrating that the

subpoena is over-broad, duplicative, or unduly burdensome." *Kingsway Fin. Servs., Inc. v.*

*Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2,

2008); *see John Wiley & Sons, Inc.*, 284 F.R.D. at 189.

In general, a party may obtain discovery of any non-privileged matter that is relevant to a

claim or defense of any party and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Nonetheless, a court has discretion to circumscribe discovery even of relevant evidence by

making any order which justice requires "to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see Herbert*

*v. Lando*, 441 U.S. 153, 177 (1979). In addition, where the party moving to quash is a non-party

to the pending litigation, that fact "entitles the witness to consideration regarding expense and

inconvenience." *Night Hawk Ltd.*, 2003 WL 23018833, at *8 (internal quotations and citation

omitted); *see Cohen v. City of New York*, No. 05 Civ. 6780, 2010 WL 1837782, at *3 (S.D.N.Y.

May 6, 2010) (recognizing that "special weight [should be given] to the burden on non-parties of

producing documents to parties involved in litigation"); *Concord Boat Corp. v. Brunswick Corp.*,

169 F.R.D. at 49.

Accordingly, the "Court engages in a balancing test to determine whether undue burden exists" to determine if a subpoena is unreasonable. *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. at 49; 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463.1 (3d ed. 2008). In deciding the reasonableness of the subpoena, the Court must "balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Id.* (quoting Wright & Miller § 2463.1). This requires the Court to "consider whether the information is necessary and whether it is available from any other source." *Id.*

Essentially, the subpoenaed information must be both relevant and proportional to the claims that remain in the case. Fed. R. Civ. P. 26(b)(1).

## II.   The Subject Rule 30(b)(6) Subpoena Seeks Patently Irrelevant Information, And Must Be Quashed, As It Is Unduly Burdensome, Abusive And Harassing.

Williston Park is a non-party owned by another non-party, whose only involvement is that it transacted with another non-party, Neminath, Inc. That transaction was for the purchase, in January 2016, by Williston Park for $425,000, using its own funds, of real property that Neminath, Inc. had purchased in 2002 for $120,000, at a time when Nassau County assessed its full value at $321,000. Accordingly, there can be no doubt that a fair exchange of value occurred.

Significantly, the Third Amended Complaint makes no mention of Williston Park, its principal or of Neminath, Inc. All claims against the LLC defendants have been dismissed, and the only claims that remain in this action are the claims for actual and constructive fraud against the individual defendants.[12] Thus, Geo-Group has alleged no claims that relate to the transaction, and no amount of discovery imposed upon Williston Park will result in any viable claims arising from the subject transaction. Accordingly, no relevant testimony will result if the

---

[12] *See* Opinion and Order, dated July 27, 2016 (*Docket No. 134*) (Vogel Declr., Exh. 4).

Rule 30(b)(6) deposition is permitted to go forward, and the resultant imposition upon Williston Park's principal will be abusive and unreasonable.  Geo-Group simply cannot meet its burden under Rule 26(b)(1), and thus seeks patently irrelevant information from Williston Park.

When, as here, discovery sought by the disputed subpoena seeks irrelevant information concerning non-parties or parties that have already been dismissed from the case, Courts do not hesitate in quashing the subpoena.  *See, e.g., Night Hawk Ltd. v. Briarpatch Ltd., L.P.,* 2003 WL 23018833, at *8 (motion to quash granted where "[t]he Subpoena pertains to information concerning Night Hawk, which is no longer a party to the case"); *Salvatore Studios Int'l v. Mako's Inc.,* No. 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001) (quashing a subpoena where the defendant "has failed to establish that the settlement agreement it seeks is in any way relevant to the claims or defenses raised in this action -- a different lawsuit against a different party").

Even though Geo-Group has no remaining claims in this action against either Williston Park or Neminath, Inc., Geo-Group has served a 68-page (inclusive of attachments) Rule 30(b)(6) Subpoena, that seeks a broad-ranging deposition and extensive document production concerning 21 far-ranging topics (inclusive of subparts) upon non-party Williston Park.[13]  To the extent that a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter of the pending action, it runs the greater risk of being found overbroad and unreasonable.  *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44 (S.D.N.Y. 1966).

Included among the topics that Geo-Group seeks detailed inquiry of, are topics concerning events and documents that occurred and were created almost 3 years <u>before</u> Williston Park even came into existence in late 2015 – e.g., the Commercial Loan Agreement and the

---

[13] *See,* Vogel Declr., Exh. 1.

Mortgage Security Agreement entered into between Neminath, Inc. and dismissed party Kedis Enterprises, LLC in early 2013 (*see* Subpoena, Attachment A, at page 7; Vogel Declr., Exh. 1).[14] Williston Park cannot possibly give testimony about events that occurred prior to its formation.

In addition, several of the other topic designations in the Subpoena are so overbroad, vague and far reaching that it will be impossible to fully comply.  For example, the Subpoena requests that Williston Park's Rule 30(b)(6) witness be prepared to discuss, in detail:

> F.  *Any Agreements or understandings* between Williston Park Realty and *any other Person* concerning the Transaction, the Property, the Commercial Laon Agreement, or the Mortgage Security Agreement, whether written, unwritten, formal, informal, oral, verbal, recorded or unrecorded, executory or fully performed, including without limitations, contracts of sale, side agreements, lease- or buy-back agreements, loans or promises, understandings, or representations *of any kind or nature*.[15]

Subpoenas, to pass muster, must specify the topics or documents sought with reasonable particularity.  See, e.g., *United States v. International Business Machines Corporation*, 83 F.R.D. 97, 107 (S.D.N.Y. 1979).  The subject Subpoena fails to do so.

Similarly objectionable is the Subpoena's broad ranging request that Williston Park's Rule 30(b)(6) witness be prepared to testify about the following topic:

> G.  Whether, and if so, how and to what extent at any time any of the following Persons were involved in, structured, worked on, brokered, facilitated, provided assistance or advice, obtained financing for, and had a direct or indirect financial interest in, or otherwise played some role in or with respect to, the Commercial Loan Agreement, the Mortgage Security Agreement, or the Transaction:  (1) R. Chopra; (2) Sanjiv Chand; (3) Neminath; (4) Kedis; (5) M. Shah; (6) V. Shah; (7) Surajit Bose; (8) Nayana Shah; (9) Jaina; (10) NYC Telecom;

---

[14] Kedis Enterprises, LLC was dismissed from this action by the Opinion and Order issued by this Court on July 27, 2016 (*Docket No. 134*) (Vogel Declr., Exh. 4).

[15] *See*, Subpoena, Attachment A, at 8 (Vogel Declr., Exh. 1).

9

(11) STI Consultants I; (12) STI Consultants II; (13) New York Main Street Consultants, Inc.; (14) Pooja Shah; (15) STI Phone Card; and (16) STI Phone Card, Inc.[16]

As stated in the accompanying declaration of Williston Park's sole member, Mariana Ramirez, the only two of the above-named individuals that Williston Park ever had any contact with were non-party Sanjiv Chand, principal of the already dismissed LLC defendants, and defendant Mahendra Shah, who appeared at the January 16, 2016 closing of the Property, in his capacity as president of non-party Neminath, Inc.[17]  As a result, Williston Park's Rule 30(b)(6) witness will have no information relevant and proportional to the needs of this case.  The subject Subpoena simply cannot overcome Rule 26(b)(1)'s overriding relevance requirement.  *During v. City Univ. of N.Y.*, No. 05 Civ. 6992 (RCC), 2006 WL 2192843 (S.D.N.Y. Aug. 1, 2006); Fed. R. Civ. P. 26(b)(1).

Moreover, the Subpoena creates a very real, practical and personal undue burden upon Williston Park's principal, as any attempt to comply with the detailed topics of inquiry sought by the Subpoena will result in a severe interference in her full-time business responsibilities at her 24-hour 7-day delicatessen business.[18]  Although Rule 45(d) (1) imposes a duty upon "[a] party or attorney responsible for issuing and serving a subpoena … [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Geo-Group's counsel has refused to do so in this case.[19]

Accordingly, the Subpoena creates an undue burden upon Williston Park and must be quashed pursuant to Rule 45(d)(3)(A)(iv).

---

[16] *Id.*

[17] *See* Ramirez Declr., ¶¶ 4-7.

[18] See Ramirez Declr., ¶ 21.

[19] *See,* Vogel Declr., ¶ 7.

10

## CONCLUSION

For the reasons stated above, Williston Park's motion pursuant to Rule 45(d)(3)(A)(iv) to quash the Subpoena should be granted in all respects.  Alternatively, the Subpoena should be modified to limit the inconvenience and burden on Williston Park to the matters related to the January 2016 transaction at which Williston Park acquired title to the subject Property, which information should be provided by affidavit in lieu of Rule 30(b)(6) deposition.

Dated:        New York, York, New York
              September 11, 2017

                              **KRAVET & VOGEL, LLP**


                              By:   /s/Joseph A. Vogel
                                    Joseph A. Vogel (JV-5533)
                                    A Member of the Firm

                              555 Fifth Avenue, 14th Floor
                              New York, New York 10017-9257
                              Tel. 212-997-7634
                              Email:  jvogel@kvnylaw.com
                              *Attorneys for Non-Party Potential Witness*
                              *Williston Park Realty LLC*

11

## CERTIFICATION OF SERVICE

I, Joseph A. Vogel, certify that I am over eighteen (18) years of age, am not a party to this action, am an attorney in good standing licensed by the State Bar of New York and admitted to practice in this Court, and that on September 11, 2017, I caused a true and correct copy of the annexed Memorandum of Law in Support of Non-Party Potential Witness Williston Park LLC's Motion to Quash or Modify Rule 30(b)(6) Subpoena to be served by the Court's ECF System and/or by first class mail addressed as follows:

> Philip J. Loree Jr., Esq.
> Loree & Loree
> 830 Third Avenue, 5th Floor
> New York, New York 10022
> Tel.: 646-253-0560
> Email: plj1@loreelawfirm.com
> *Attorneys for Plaintiff Geo-Group Communications, Inc.*
>
> Norman Solvay, Esq.
> The Solovay Practice
> 260 Madison Avenue, 15th Floor
> New York, New York 10016
> Tel.: 646-278-4295
> Email: nsolovay@solovaypractice.com
> *Attorneys for Plaintiff Geo-Group Communications, Inc.*
>
> Humayun Zafar Siddiqi, Esq.
> Law Offices of Zafar Siddiqi
> 11 Broadway, Suite 853
> New York, New York 10004
> Tel.: 212-514-5900
> Email: siddiqihz@gmail.com
> *Attorneys for Defendants Ravi Chopra*
> *and NYC Telecommunications Corp.*

Zafir A. Siddiqi, Esq.
Law Offices of Zafar Siddiqi
11 Broadway, Suite 853
New York, New York 10004
Tel.: 212-514-5900
Email: siddiqiza@aol.com
*Attorneys for Defendant Shalu Suri*

Mahendra Shah
30 Liberty Way, Apt. 8
Palm Harbor, FL 34684
Tel.: 516-244-0484
Email: Mit629@yahoo.com
*Defendant Pro Se*

Vipin Shah
35 Smith Place
Williston Park, New York 11596
Tel.: 718-612-3400
Email: Vipin1029@gmail.com
*Defendant Pro Se*

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and

correct.

Dated:      New York, New York
            September 11, 2017

                                    ___/s/Joseph A. Vogel_____
                                    Joseph A. Vogel (JV-5533)

13