UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEO-GROUP COMMUNICATIONS. <br><br> Plaintiff, <br><br> v. <br><br> RAVI CHOPRA; MAHENDRA SHAH; VIPIN SHAH; 728 MELVILLE PETRO LLC; KEDIS ENTERPRISES LLC; JMVD HILLSIDE LLC; NYC TELECOMMUNICATIONS CORP.; and SHALU SURI, <br><br> Defendant. | Case No. 15-cv-01756 (KPF) |

## DECLARATION OF RAVI CHOPRA

I, RAVI CHOPRA, declare as follows:

1. I am the President of NYC Telecommunications Corp. d/b/a STI PHONE CARD WAREHOUSE ("NYC Telecommunications") and New York Main Street Consulting, Inc. d/b/a STI CONSULTANTS ("STI Consultants").

2. NYC Telecommunications is a New York company of which I am the sole shareholder, officer and director.

3. NYC Telecommunications is primarily engaged in the business of selling phone cards, and phone card SIMS.

4. STI Consultants is a New York company of which I am the sole shareholder, officer and director.

5. STI Consultants is engaged primarily in the business of lending money and brokering commercial financing.

1

6. I am not and have never been a shareholder, director or officer of Jaina Network Systems, Inc. ("Jaina").

7. At no time prior to the confirmation of GCI's award was I about to become a shareholder of Jaina nor had any negotiations ever been undertaken between myself and Jaina whereby I would become a shareholder. I had been informally approached at one time with a proposal and had immediately refused and the proposal dropped.

8. I have never had any signing authority with respect to any bank accounts held by Jaina.

9. I have never had the authority to bind Jaina to any settlement agreement with respect to its obligations to Geo-Group Communications ("GCI"). Any proposals I negotiated were subject to the approval of Jaina.

10. I am not related either by consanguinity or marriage to Mahendra Shah, Vipin Shah, Nayana Shah, Surjit Bose or Frank Stella, individuals who I believe to be either shareholders and/or directors and/or officers of Jaina.

11. I am not and have never been indebted to the law firm Robinson Brog Leinwand Greene Genovese & Gluck, P.C. ("Robinson Brog").

12. I am not and have never been a client of Robinson Brog.

13. NYC Telecommunications is not and has never been indebted to the law firm of Robinson Brog.

14. NYC Telecommunications is not and has never been a client of Robinson Brog.

15. I do not have and have never had an ownership interest in Vision Impex.

16. NYC Telecommunications does not have and has never had an ownership interest in Vision Impex.

17. I do not have and have never had an ownership interest in TD Time.

18. NYC Telecommunications does not have and has never had an ownership interest in TD Time.

19. I have never received any funds from either TD Time or Vision Impex.

20. NYC Telecommunications has never received any funds from either TD Time or Vision Impex.

21. Robinson Brog has never transferred any funds to me.

22. Robinson Brog has never transferred any funds to NYC Telecommunications.

23. On or about January 4, 2013 STI Consultants loaned Jaina $20,000.00. Attached as Exhibit A hereto is a true and correct copy of the check evidencing the loan.

24. On or about January 10, 2013 STI Consultants loaned Jaina $9,500.00. Attached as Exhibit B hereto is a true and correct copy of the check evidencing the loan.

25. On or about January 8, 2014 STI Consultants loaned Jaina $100,000.00. Attached as Exhibit C hereto is a true and correct copy of the wire transfer evidencing the loan.

26. STI Consultants did not receive $134,000.00 as alleged by GCI in paragraph 27 of its Third Amended Complaint. The transfer in the amount of $25,000.00 alleged to have been made on September 18, 2014 was not received by STI Consultants and is shown to have been reversed on September 19, 2014 on Jaina's bank statement. Attached as Exhibit D hereto is a true and correct copy of an extract from Jaina's bank account statement showing that on September 19, 2014 a credit in the amount of $25,000.00 appears on Jaina's bank statement representing a reversal of the wire that issued on September 18, 2014.

27. STI Consultants received $109,000.00 in transfers from Jaina.

28. All the transfers effected by Jaina to STI Consultants were carried out solely to satisfy Jaina's antecedent debt to STI Consultants.

29. STI Consultants is not and has never been a client of Jaina.

30. STI Consultants is not and has never been indebted to Jaina.

31. Jaina was a client of STI Consultants.

32. NYC Telecommunications did not receive $412,000.00 from Jaina as alleged by GCI in paragraph 31 of its Third Amended Complaint. The transfer in the amount of $6,000.00 alleged to have been made on December 11, 2013 does not appear on the bank statements of Jaina. Attached as Exhibit E hereto is a true and correct copy of an extract from Jaina's bank account for the time period in question that does not show any transfer to NYC Telecommunications on that date.

33. On or January 4, 2013 NYC Telecommunications loaned Jaina $25,000.00. Attached as Exhibit F hereto is a true and correct copy of the check evidencing the loan to Jaina.

34. On or about November 15, 2013 NYC Telecommunications loaned $45,088.000 to Jaina. Attached as Exhibit G hereto is a true and correct copy of the check evidencing the loan to Jaina.

35. On or about January 8, 2014 NYC Telecommunications loaned $100,000.00 to Jaina. Attached as Exhibit H hereto is a true and correct copy of the check evidencing the loan to Jaina.

36. On or about September 24, 2014 NYC Telecommunications d/b/a STI PHONECARD WAREHOUSE sold certain merchandise to Tricom International, LLC. in the amount of $182,500.00. Attached as Exhibit I hereto is a true and correct copy of the invoice issued to Tricom.

37. On or about October 2, 2014 NYC Telecommunications d/b/a STI PHONECARD sold certain merchandise to Tricom in the amount of $148,500.00. Attached as Exhibit J hereto is a true and correct copy of the invoice issued to Tricom.

38. On or about the second week of October, 2014 as the President of NYC Telecommunications I instructed Tricom to wire the funds to Jaina, which Tricom did wire, towed to NYC Telecommunications as a result of Tricom's purchases on September 24, 2014 and October 2, 2014.

39. The funds that were sent to Jaina by Tricom were a loan on behalf of NYC Telecommunications to Jaina and discharged Tricom's indebtedness to NYC Telecommunications. Jaina was indebted to NYC Telecommunications for the funds it received.

40. NYC Telecommunications is not and has never been a client of Jaina. NYC Telecommunications loaned money to Jaina and provided uncompensated consulting services to Jaina.

41. NYC Telecommunications is not and has never been indebted to Jaina.

42. All transfers made to NYC Telecommunications by Jaina were made in satisfaction of Jaina's antecedent debt owing to NYC Telecommunications.

43. I have never made a request to Jaina to transfer funds to 728 Melville Petro, LLC, Kedis Enterprises, LLC or JMVD Hillside, LLC.

44. I do not have, and have never had, an ownership interest in 728 Melville Petro, LLC and have never received any funds from 728 Melville Petro, LLC.

45. NYC Telecommunications does not have and has never had an ownership interest in 728 Melville Petro, LLC and has never received any funds from 728 Melville Petro, LLC.

46. I do not have, and have never had an ownership interest, in Kedis Enterprises, LLC and have never received any funds from Kedis Enterprises, LLC.

47. NYC Telecommunications does not have and has never had an ownership interest, in Kedis Enterprises, LLC and has never received any funds from Kedis Enterprises, LLC

48. I do not have, and have never had, an ownership interest in JMVD Hillside, LLC and have never received any funds from JMVD Hillside, LLC.

49. NYC Telecommunications does not have, and has never had, an ownership interest in JMVD Hillside LLC and has never received any funds from JMVD Hillside, LLC.

50. Pursuant to 27 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct.

_____
RAVI CHOPRA

Notary     12-7-17

NAZIHAH UDDIN
Notary Public – State of New York
NO. 01UD6359347
Qualified in Kings County
My Commission Expires May 30, 2021