# LOREE & LOREE

### Attorneys at Law

Philip J. Loree Jr.

November 9, 2018

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> **Re:   Geo-Group Communications, Inc. v. Chopra et al.,**
> **No. 15-cv-1756 (KPF) (S.D.N.Y.) | Letter Motion for**
> **Leave to Serve Document Subpoenas**

Dear Judge Failla:

We represent Plaintiff Geo-Group Communications, Inc. ("Geo-Group") in the referenced matter.

Pursuant to Fed. R. Civ. P. 16, 26, 30, and 45, and the Court's inherent power, Geo-Group respectfully moves for an order granting it permission to serve document subpoenas on the following two banks and three Jaina or Neminath Certified Public Accountants: Citibank, Capital One Bank, CPA Harvinder Dhody, CPA Aqueel Khan, and CPA Andrew Bose. The scope of each of these proposed subpoenas is set forth in Exhibit A.

Geo-Group also respectfully requests leave to serve a documents subpoena on NRM Holdings, Inc., a company to which Jaina paid approximately $337,000.00 during the period December 26, 2013 – November 26, 2014, which Geo-Group understands, based on the evidence previously adduced, was in exchange for a $2.5 million letter of credit ("LOC"). Geo-Group wants to obtain a copy of the LOC as well as any correspondence between NRM Holdings, Inc. and Jaina, Mr. V. Shah, or anyone acting or purporting to act on Jaina's behalf.

### Document Subpoenas to be Served on the Jaina and Neminath CPAs

CPAs Harvinder Dhody, and Aqueel Khan prepared certain of Jaina Systems Network, Inc. ("Jaina")'s tax returns, and may have also prepared tax returns of the other Jaina

830 Third Avenue • Fifth Floor • New York, New York 10022 • Phone: +1 (646) 253-0560 • Alt. Phone: +1 (516) 627-1720 • Mobile: +1 (516) 941-6094 • Fax: +1 (516) 627-3752
Alt. Fax: +1 (800) 627-3118 • PJL1@LoreeLawFirm.com

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Entities: Jaina Systems Network (India) Private Limited ("Jaina India"), Jaina Infrastructure Inc ("Jaina Infrastructure"), Jaina Call India, Inc. ("Jaina Call India"), Jaina Realty Inc. ("Jaina Realty"), Ipsita Telecom Services, Inc. ("Ipsita Telecom"), or Wiphonica Technologies Inc. CPA Andrew Bose was Neminath's CPA, but may also have been involved in the preparation of Jaina's tax returns, or tax returns of the Jaina Entities.

The document subpoenas seek information relevant to the claims against Mr. V. Shah, including Geo-Group's claims for actual fraudulent conveyance under Section 276 of the Debtor and Creditor Law. The subpoena to CPA Andrew Bose would also seek certain documents relevant to the claims against the dismissed LLC defendants and Sanjiv Chand, which will be the subject of the motion Geo-Group intends to make next week. While M. Shah and Mr. Chopra produced Jaina tax returns for the period 2012 through 2015, key schedules and other portions of the returns were not produced. (See, e.g., Letter from Philip J. Loree Jr. to Anil Arora dated January 5, 2017, a copy of which is attached as Ex. B.) None of the defendants produced any of the tax returns for any of the other Jaina Entities, and each, including V. Shah, testified that they had produced everything that they had in their possession, custody, or control concerning Jaina, including all tax returns, and any documents supporting or relating to the numbers reported by those returns.

As explained in Exhibit C, the information on Schedule L, Line 23 of Jaina's tax returns raises fundamental questions relevant to whether the more than $2,000,000.00 in "loans" V. Shah testified he made to Jaina were treated on Jaina's books as capital contributions. These questions include who contributed to Jaina the $1,530,250 in Additional Paid in Capital as of the beginning of tax year 2011, the $869,000 in Additional Paid-in Capital during tax year 2011, and the $92,864 in Additional Paid-in Capital during Tax Year 2013? (See Ex. C.) We think the documents the CPAs will produce will confirm that some or all of that Additional Paid-in Capital was contributed directly or indirectly by V. Shah.

The documents sought are also pertinent to Buckets 3 and 4 of the missing or transferred cash referred to in Exhibit D and discussed at the October 10, 2018 settlement conference. Geo-Group believes that some or all of that cash was transferred to Vipin directly or indirectly. (See Ex. D.)

The CPA document subpoenas are relatively narrow in scope and should impose no meaningful burden on the CPAs. The CPAs are obligated by law to retain copies of tax-returns filed, and supporting documents, for at least a five-year period.

### Document Subpoenas to be Served on Banks

Geo-Group is seeking leave to serve document subpoenas on Citibank and on Capital One Bank, Jaina's two banks. Geo-Group is in the process of negotiating with

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Citibank to attempt to obtain from Citibank documents which it requested in a much broader subpoena it served on Citibank at the conclusion of the discovery period, but which documents Citibank either did not produce or which may have been lost in the mail. If Geo-Group can obtain the previously requested documents from Citibank, then that may obviate the need to serve another subpoena on Citibank.

The documents Geo-Group seeks relate to Buckets 1 and 2 of the four "Buckets" of Jaina missing or transferred cash, which Geo-Group discussed at the October 10, 2018 settlement conference, and which is described in Ex. E (Bucket 1) and Ex.D (Buckets 2, 3, & 4).

Geo-Group believes that some, if not all, of the unaccounted-for payments and withdrawals that are part of Buckets 1 and 2 were made to or for the benefit of V. Shah, and to that extent would increase the dollar amount of Geo-Group's actual and constructive fraudulent transfer claims against V. Shah. For example, $500,000 of these withdrawals was of funds drawn from a Citibank $1,000,000 line of credit that Vipin Shah fraudulently obtained from Citibank by signing as Jaina's President. (See Certification of Govind Vanjani ¶¶ 21, 39-43, Dk. 218, at 8-9 of 49 & 15-16 of 49; see Ex. F.) V. Shah, relying on an unsigned document, and ignoring his own deposition testimony, recently (and falsely) represented to the Court that his only role concerning the Citibank line of credit was as a guarantor. Geo-Group believes the requested documents will show that Mr. V. Shah was the transferee or beneficiary of some or all of the $500,000.

### Document Subpoenas to be Served on NRM Holdings, Inc.

Correspondence produced by R. Chopra, which was copied to V. Shah, refers to Jaina having obtained a $2.5 million letter of credit as a means of securing its obligations, and managing its financial exposure to, Aircel, one of Jaina's principal suppliers for Jaina's telecom business. (See Ex. G.) That correspondence also shows that Jaina managed its exposure to Aircel by obtaining insurance to cover Jaina's receivables and netting out debts by way of a reciprocal arrangement under which Aircel would be Jaina's customer (and Jaina Aircel's supplier). It also shows that Jaina purchased the letter of credit was purchased for approximately $330,000. (See Ex. G.)

V. Shah, who was copied on the correspondence (which he didn't produce), denies any knowledge of the $2.5 million letter of credit, as did Mr. Chopra. (See V. Shah Tr. at 96; Chopra Tr. 321-22.) Nobody has produced a copy of the letter of credit.

After combing for the nth time through Jaina's bank statements, Geo-Group identified a series of payments made during the period December 26, 2013 – November 26, 2014 to NRM Holdings, Inc. Further research revealed that NRM Holdings holds itself out online as company that seeks to arrange through its banking relationships, "immediate short-term funding options," including "Letters of Credit[,]" for "small

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

growing businesses" that "are undercapitalized" or are "facing financial distress." (See https://www.nrmholdings.com/, last checked November 9, 2018.)

The evidence from NRM Holdings, Inc., the banks, and the CPAs should, in conjunction with other evidence, help Geo-Group show at trial that Jaina, armed with the LOC, its other security, and with the 15-15 credit terms it had with Aircel (see Ex. H) (and almost all of its other suppliers): (a) should have been able to conduct up to $5 million business per month (measured in gross revenue) or $60 million per year; (b) in fact conducted business of about $40 million a year during the period the LOC was in effect; and (c) Jaina's chronic cash flow problems, and insolvency in 2014 were caused by the transfers of cash to Mr. V. Shah, the LLC Entities, not by any flaw in Jaina's basic business model. It will also help show that, upon the Court's confirmation of the arbitration award in December 2014, Jaina suddenly ceased its operations, and V. Shah, M. Shah, and others refused to pay Jaina's suppliers and appropriated the insured receivables and the more than six million dollars of cash that subsequently vanished from Jaina's financial and banking statements.

Respectfully submitted,

Philip J. Loree Jr.

cc: All counsel of Record (via ECF) and Pro Se Parties (via ECF/Email)