

**Andrew Hamelsky**

7 Times Square, Suite 2900 | New York, NY 10036-6524
Direct 212.631.4406 | Fax 212.631.4426
hamelskya@whiteandwilliams.com | whiteandwilliams.com

October 18, 2019

**VIA ECF AND E-MAIL**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007
Email: Failla_NYSDChambers@nysd.uscourts.gov

      RE:    **Geo-Group Communications, Inc. v. Chopra, et al.
              Dkt. No. 1:15-cv-01756 (KPF) (AJP)**

Dear Judge Failla:

      This firm represents non-party Mr. Sanjiv Chand ("Chand") and former defendants 728 Melville Petro LLC ("Melville"), Kedis Enterprises LLC ("Kedis"), and JMVD Hillside LLC ("Hillside") (collectively, the "LLCs") in connection with the above-referenced matter. We write to respectfully request an extension of our clients' deadline to submit opposition to Plaintiff Geo-Group Communications, Inc.'s ("Geo-Group") motion seeking to "reopen the case" against Melville, Kedis, and Hillside, and for leave to assert claims against Chand. Our clients' current deadline for opposing Plaintiff's motion is November 1, 2019. (Dkt. No. 271.) This is our clients' first request for an extension of this deadline. As discussed in greater detail below, Plaintiff's counsel has refused to consent to this request.

      Though Chand has never been a party to this matter, his last involvement as a non-party came via an affidavit he filed with the Court on March 31, 2016. (Dkt. No. 119.) Similarly, all claims against the LLCs were dismissed pursuant to the Court's Opinion and Order of July 27, 2016. (Dkt. No. 134.)

      As a result, prior to Plaintiff filing its motion on October 4, 2019 neither Chand nor the LLCs had been involved in this matter in any way for well over three years. During this time our clients did not exchange or receive documents or other information in discovery, did not attend court conferences or settlement discussions, did not participate in depositions, and did not engage in motion practice. In short, they moved on.

      Now, after this lengthy period of non-involvement, our clients (and this firm) are tasked with getting up to speed on more than three years of litigation developments and assessing how such developments may impact our clients' position with respect to Plaintiff's motion. This is a

Hon. Katherine Polk Failla
October 18, 2019
Page 2

time-consuming undertaking. Plaintiff's motion alone is accompanied by a 60 page affidavit annexing 58 exhibits totaling over 1,100 pages of documents. Moreover, after receiving Plaintiff's motion on October 4, 2019 we asked Plaintiff's counsel for copies of all deposition transcripts and documents exchanged in discovery that were not annexed to Plaintiff's motion. To date, and in what currently appears to be most, but not all, of the records we requested, Plaintiff's counsel has produced more than 12,400 pages of material.

Chand and the LLCs have a right to review the documents and information in the record before opposing Plaintiff's motion. If they are unable to do so, they may potentially be prejudiced by the information disadvantage to which they currently find themselves relative to Plaintiff, which has, of course, been a party to this matter since its inception.

Given the amount of material to review and the fact that Plaintiff has not yet produced all documents we have requested, Chand and the LLCs require an additional 30 days to respond to Plaintiff's motion.

To that end, we contacted Plaintiff's counsel on October 14, 2019 to explain our need for more time and to seek Plaintiff's consent to this request. In response, Plaintiff's counsel sent us a lengthy email on October 15, 2019 in which he made clear that Plaintiff refused to consent.

In his email, Plaintiff's counsel accuses us of seeking an extension "for tactical reasons associated with delay." He claims that our clients should have requested the additional materials on September 11, 2019, the date the Court granted Plaintiff's application to make its motion. And he argues that the only relevant documents are those annexed to Plaintiff's moving papers. These arguments are without merit.

First, Plaintiff's accusation that it is somehow Chand and the LLCs who are seeking to delay this matter is nothing short of risible. To the contrary, Plaintiff's own motion papers reveal that the information Plaintiff claims to have obtained triggering its purported need to assert claims against Chand and reopen the case against the LLCs was in fact in Plaintiff's possession, at the very latest, nearly two years ago, in November of 2017. (Memo of Law at 8.) Yet Plaintiff appears to have inexplicably waited a full year, until November of 2018, to even first raise its request to reopen with the Court. (Dkt. No. 255.) To accuse our clients of delay given these circumstances is particularly egregious.

Regardless, our clients are not seeking to delay. They are merely requesting a reasonable extension of time given the amount of documents they need to review and litigation developments they need to assess before engaging in motion practice.

Second, the idea that our clients should have requested records to aid them in responding to Plaintiff's motion before that motion was even filed makes no sense. Our clients are not parties to this litigation. Before Plaintiff filed its motion seeking to make them parties, they had no interest in the materials exchanged during discovery and no reason to seek production from Plaintiff's counsel. Further, our clients could of course not know what arguments Plaintiff would offer in its motion, and therefore what material would be relevant to any opposition, until Plaintiff actually made its motion.

Third, our clients have no obligation to simply take Plaintiff's word for it that the only relevant documents in the record are those annexed to its motion. While it may in theory be

Hon. Katherine Polk Failla
October 18, 2019
Page 3

possible that Plaintiff annexed every relevant scrap of paper to Mr. Vanjani's lengthy affidavit, the more likely scenario is that Plaintiff annexed only those materials that support its arguments. Chand and the LLCs have a right to review the same record to which Plaintiff has access before filing their opposition.

For these reasons, Chand and the LLCs respectfully request that their deadline for responding to Plaintiff's motion be extended by 30 days, resulting in the following briefing schedule:

- Chand and the LLCs to file their opposition on or before December 2, 2019;

- Plaintiff to file its reply, if any, on or before December 16, 2019.

The requested extension will allow Chand and the LLCs to review all materials in the record and assess the last three years of litigation developments before engaging substantively with Plaintiff on the very serious accusations Plaintiff has levied in its motion.

Mr. Chand and the LLCs thank the Court for its consideration of this request.

Respectfully,

WHITE AND WILLIAMS LLP


_____/s/_____
Andrew Hamelsky


Philip J. Loree Jr.
Loree & Loree
*Counsel to Plaintiff*
(by ECF)

23603205v.1