UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEO-GROUP COMMUNICATIONS, INC.,

                Plaintiff,

        -v.-

VIPIN SHAH,

                Defendant.

15 Civ. 1756 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

Before the Court is Plaintiff's second motion for reconsideration. (*See* Dkt. #297-298).[1] By Opinion and Order dated September 25, 2020, the Court denied Plaintiff's first motion for reconsideration, in which motion Plaintiff sought, in relevant part, to reopen the case against Defendants 728 Melville Petro LLC ("Melville"), Kedis Enterprises LLC ("Kedis"), JMVD Hillside LLC ("JMVD," and together with Melville and Kedis, the "LLC Defendants"); to join non-party Sanjiv Chand ("Chand," and together with the LLC Defendants, "Respondents"); and to file a fourth amended complaint asserting claims of fraud on the court and fraudulent conveyance against Respondents. (*See* Dkt. #295).[2]

---

[1]     For ease of reference, Plaintiff's brief is referred to as "Pl. Br." (Dkt. #298), Respondents' joint brief in opposition is referred to as "Resp. Opp." (Dkt. #303), and Plaintiff's reply is referred to as "Pl. Reply" (Dkt. #304).

[2]     The LLC Defendants were previously dismissed from this suit in an Opinion and Order dated July 26, 2016. *See Geo-Grp. Commc'ns, Inc.* v. *Chopra*, No. 15 Civ. 1756 (KPF), 2016 WL 4098552, at *5-7 (S.D.N.Y. July 27, 2016) ("*Geo-Group II*"). In its first motion for reconsideration, Plaintiff also sought reconsideration of the Court's July 30, 2018 Opinion and Order, *see Geo-Grp. Commc'ns, Inc.* v. *Chopra*, No. 15 Civ. 1756 (KPF), 2018 WL 3632498, at *4 (S.D.N.Y. July 30, 2018) ("*Geo-Group III*"), granting summary judgment to Defendant M. Shah (*see* Dkt. #274, 288).

The Court denied Plaintiff's first motion for reconsideration in full, holding that Plaintiff had failed to meet the standard for reconsideration under Federal Rule of Civil Procedure 54(b), and that Plaintiff had failed to demonstrate good cause to amend the complaint pursuant to Federal Rules of Civil Procedure 15 and 16. *See Geo-Grp. Commc'ns, Inc.* v. *Shah*, No. 15 Civ. 1756 (KPF), 2020 WL 5743516, at *9-18 (S.D.N.Y. Sept. 25, 2020) ("*Geo-Group IV*"). Now, citing "certain matters" that Plaintiff believes the Court "overlooked" in *Geo-Group IV* (Pl. Br. 1), Plaintiff attempts to take "'yet another bite at the apple,'" *Geo-Group IV*, 2020 WL 5743516, at *13 (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc.* v. *Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). The Court has carefully reviewed the parties' submissions and is not persuaded that it overlooked controlling legal authority or factual data that would change its decision, or that reconsideration is needed to correct clear error. Plaintiff's motion is therefore denied.

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 403 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the

standard for granting motions for reconsideration is "strict"); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Plaintiff argues that the Court overlooked Plaintiff's allegations that Chand and non-party Jessie Gupta made false statements in sworn affidavits submitted to the Court in connection with briefing submitted to support the LLC Defendants' motion to dismiss. (Pl. Br. 2; Pl. Reply 8-9). But the Court did not overlook Chand's affidavit, Gupta's affidavit, or Plaintiff's allegations of fraud. Rather, the Court considered this issue and determined that the evidence Plaintiff advanced to support its argument was not "new evidence" such that reconsideration was warranted, and that in any event Plaintiff had failed to demonstrate that it had pursued the evidence with the proper diligence. *See Geo-Group IV*, 2020 WL 5743516, at *11-12, *14-15. Because

3

the Court did consider the allegedly false statements that Plaintiff now argues were overlooked, Plaintiff offers no new evidence and points to no change in controlling law that justifies reconsideration of *Geo-Group IV*.

Even assuming Plaintiff met the standard for a motion for reconsideration of *Geo-Group IV* — and Plaintiff has not — Plaintiff's motion for reconsideration fails on the merits. In *Geo-Group IV*, Plaintiff raised the same arguments it raises here: namely, that Chand and Gupta made false statements in their affidavits to conceal the fact that Melville was a shell company. (*See, e.g.*, Dkt. #273, 288). The Court has already considered this argument on the merits and rejected it. In Plaintiff's first motion for reconsideration, Plaintiff cited "[p]ublic records relating to the LLC Entities." *Geo-Group IV*, 2020 WL 5743516, at *11, as evidence to demonstrate that Melville was a shell company and therefore that Chand and Gupta submitted false statements in their affidavits. (*See also* Dkt. #273, 274, 288, 289). The public records at issue were, for the most part, filed publicly in 2014 and 2015 (*see, e.g.*, Dkt. 289, Ex. A-D), and the LLC Defendants were dismissed in 2016, *Geo-Group II*, 2016 WL 4098552, at *5-7. As the Court explained in *Geo-Group IV*, this evidence does not justify reconsideration, as "publicly available documents are not considered new evidence because they are 'discoverable through the exercise of reasonable diligence.'" *Geo-Group IV*, 2020 WL 5743516, at *12 (quoting *LaSalle Bank Nat'l Ass'n* v. *Capco Am. Securitization Corp.*, No. 02 Civ. 9916 (RLC), 2006 WL 177169, at *2 (S.D.N.Y. Jan. 25, 2006)).

4

In support of the instant motion, Plaintiff argues that even though the relevant information about the LLC Defendants was publicly available and therefore not new, it had "no reason ... to do an investigation to determine whether [Melville] had been dissolved." (Pl. Reply 7). Even setting aside that the public records were available well before the LLC Defendants were even dismissed from this suit, Plaintiff conceded that it first learned of the key fact that motivates this motion at M. Shah's deposition on August 11, 2017. (*See* Pl. Br. 10). *See also Geo-Group IV*, 2020 WL 5743516, at *14. The Court already considered and rejected Plaintiff's argument that its delay in identifying this evidence was justified. As the Court explained in *Geo-Group IV*, where Plaintiff raised the same arguments about purportedly new evidence, Plaintiff has already

> acknowledged to the Court that it opted not to pursue this evidence until more than a year after first becoming aware of these items (and their significance), and almost six months after the Court's summary judgment decision. Indeed, ... Plaintiff conceded that it was a strategic choice to move forward with summary judgment rather than to pursue these avenues for further discovery.

*Id.* at *12. The same is true here, and Plaintiff still offers no excuse for its unreasonable delay in identifying publicly available evidence. (*See generally* Pl. Br., Pl. Reply).[3] Instead, Plaintiff reiterates the same arguments that it

---

[3] Plaintiff says it had no reason to know of the specific fact that Melville was likely a shell company until October of 2019, when it "was in the midst of preparing its motion papers" in support of summary judgment. (Pl. Br. 11). But this assertion fails to explain why Plaintiff failed to pursue evidence of the LLC Defendants' fraud and/or Chand's false statements promptly after learning from M. Shah in August of 2017 that the antecedent debt at issue in the instant motion was not, in fact, discharged by an allegedly fraudulent transfer. *See Geo-Group IV*, 2020 WL 5743516, at *12. If Plaintiff

5

advanced in its first motion for reconsideration, focusing on evidence that it has already admitted failing to pursue with the necessary diligence.[4] Therefore, even if Plaintiff had pointed to new evidence, a change in law, or clear error in *Geo-Group IV* to correct, Plaintiff's second motion for reconsideration would still fail on the merits.

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion at docket entry 297.

SO ORDERED.

Dated:   November 16, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

were diligently pursuing its first motion for reconsideration against the LLC Defendants (and thus, pursuing evidence of fraud, including this evidence), it would not have waited more than two years — after a complete round of summary judgment briefing — to look into the publicly available corporate histories of the beneficiaries of the alleged fraud. *See, e.g.*, *Rockland Exposition, Inc.* v. *All. of Auto. Serv. Providers of N.J.*, 894 F. Supp. 2d 288, 341 (S.D.N.Y. 2012) (finding that delay of 11 months merited denial of motion for reconsideration).

[4]   Plaintiff also argues that evidence obtained from non-party Neminath and from Neminath's accountant further constitute new evidence that justifies reconsideration. (Pl. Reply 7-8). The Court has already addressed and rejected these arguments at great length in *Geo-Group IV*. *See* 2020 WL 5743516, at *11-14. Plaintiff offers no new argument on this issue, and thus reconsideration on this basis is not justified.