UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEO-GROUP COMMUNICATIONS, INC.,

Plaintiff,

-v.-

VIPIN SHAH,

Defendant.

15 Civ. 1756 (KPF)

**ORDER GRANTING REQUEST
FOR PRO BONO COUNSEL**

KATHERINE POLK FAILLA, District Judge:

Defendant has filed an Application for the Court to Request Counsel.
(Dkt. #314).  For the following reasons, Defendant's application is granted.
However, given the late date of Defendant's request and the current trial date,
Defendant should prepare for trial and should not expect *pro bono* to be located
in time to conduct the bench trial on his behalf.

### LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an
attorney to represent any person unable to afford counsel."  28 U.S.C.
§ 1915(e)(1).  Unlike in criminal cases, in civil cases, there is no requirement
that courts supply indigent litigants with counsel.  *Hodge* v. *Police Officers*, 802
F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when
deciding whether to grant an indigent litigant's request for representation.  *Id.*
Even if a court does believe that a litigant should have a lawyer, under the *in
forma pauperis* statute, a court has no authority to "appoint" counsel, but
instead, may only "request" that an attorney volunteer to represent a litigant.
*Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp.* v. *Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks* v. *Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

Defendant filed a Request to Proceed *in Forma Pauperis* (IFP) simultaneously with the instant application, which the Court granted.  (*See* Dkt. #313, 316).  Defendant therefore qualifies as indigent.

The Court finds that the *Hodge* factors weigh in favor of the appointment of counsel.  For example, this case has been set for a bench trial (*see* Dkt. #310), and therefore the appointment of counsel will assist with, *inter alia*, Defendant's "ability to present the case" at trial.  *Hodge*, 802 F.2d at 61.  This case involves a complicated series of transactions and disputes arising out of Plaintiff's motion to enforce an arbitration award against non-party Jaina.  In sum, Plaintiff alleges that Defendant improperly transferred more than $600,000 in funds from Jaina to his personal bank accounts.  Plaintiff brings claims pursuant to §§ 273, 273-a, and 274 of the New York Debtor & Creditor Law.  Due to the complex factual issues that must be resolved at trial, in this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination."  *Id.*

**CONCLUSION**

For the foregoing reasons, Defendant's Application for the Court to Request Counsel is granted.  The Court advises Defendant that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Defendant.  Nevertheless, this litigation will progress at a normal pace.  If an attorney volunteers, the attorney will contact

Defendant directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se.  Of course, if an attorney offers to take the case, it is entirely Defendant's decision whether to retain that attorney or not.  The Court reiterates that due to the late timing of Defendant's request, Defendant should be prepared to proceed with a bench trial without the assistance of *pro bono* counsel.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

Defendant has consented to electronic service.  (Dkt. #171).  The Clerk of Court is directed to terminate the motion pending at docket entry 314.

SO ORDERED.

Dated:   June 15, 2021
         New York, New York

KATHERINE POLK FAILLA
United States District Judge