

**MB MANDEL BHANDARI LLP**

80 Pine Street | 33rd Floor | New York, NY | 10005 | T. (212) 269-5600 | F. (646) 964-6667 | www.mandelbhandari.com

March 11, 2022

**By Electronic Mail**

Phillip J. Loree Jr.
800 Third Avenue, 28th Floor
New York, NY 10022

      Re:    <u>Geo-Group Communications, Inc. v. Shah, et. al., No. 15 Civ. 1756 (KPF)</u>

Phil:

     I am writing in response to your February 3, 2021 letter (the "Letter"). To be clear, the Shahs have fully complied with the agreement executed by the parties on July 1, 2021 (the "Agreement"). Nonetheless, in the hope of avoiding further back and forth, we will summarize the terms of the Agreement that memorialize the obligations of both parties.

     *First,* your client's position that Section 1(b)(i) imposes search obligations independent of those contained in Section 1(b)(iii) is demonstrably incorrect. Section 1(b)(iii) begins by stating that "**<u>IN ORDER TO SATISFY THEIR OBLIGATIONS TO PROVIDE ALL DOCUMENTS IN THEIR POSSESSION, CUSTODY, OR CONTROL</u>** V. Shah and N. Shah shall conduct the following searches . . ."

     The meaning of this provision is abundantly clear: by conducting these searches, Vipin and Nayana Shah have "**<u>satisf[ied]</u>**" their obligations to provide all documents in their possession, custody, or control." Section 1(b)(i), on the other hand, clearly outlines the list of documents the Shahs, through the methods described in Section 1(b)(iii), should search for. That the parties did not intend for Section 1(b)(i) to constitute an independent search requirement is further confirmed by Section 1(b)(v), which states that **"<u>[A]FTER CONDUCTING THE SEARCHES DETAILED IN PARAGRAPHS 1(B)III AND 1(B)IV</u>**, above, V. Shah and N. Shah shall produce all responsive documents within 60 days of the Effective Date of this Agreement."

     Section 1(b)(i), of course, does **<u>not</u>** impose an independent search requirement.

     *Second,* your request that the Shahs "prepare" lists described in Section 1(b)(i) is an extra-contractual request which has no basis from the Agreement. As the plain language of Section 1(b)(i) states, the documents being searched for are those already in existence and that are in the Shahs' custody, possession, or control. Section 1(b)(i) nowhere states that the Shahs must **<u>prepare</u>** the lists; rather, it states the Shahs must **<u>search</u>** for lists responsive to those identified through the methods described in Section 1(b)(iii). The Shahs conducted searches for the documents outlined

in Section 1(b)(i) through the methods described in Section 1(b)(iii) and produced all documents that resulted from that search.

*Third,* your assertion that the Shahs were required by the Agreement to review their emails is incorrect. The Shahs, pursuant to the Agreement, were required to search for documents stored on "electronic devices" owned and in the possession, custody, or control of them. As explained in the *Buhl* case, "a user does not 'receive' email to her personal computing device; instead, she uses her personal device to access email that is stored and reviewed in the first instance on a remote computer server." *Imbruce v. Buhl*, 2016 WL 2733097, at *6 (D. Conn. May 10, 2016). Because the email files are not stored on the Shahs' devices, a search of the devices does not require a search of a third-party's server. While this issue is moot because the Shahs voluntarily did review all of their emails, it does reflect the fact that your clients seem to misunderstand the obligations imposed by the Agreement.

*Finally,* to the extent you are asserting that that the Shahs have not searched all devices in their "control, custody, or possession," that is inaccurate. The Shahs have searched *all* electronic devices that they have control, custody, or possession over, which is made clear by the voluminous production they made many months ago.

Please promptly schedule Mr. Shah's interview. We believe the time for you to do so has already expired, but we are willing to schedule an interview in the next 30 days.

                                                                Sincerely,

                                                                Shomik Ghosh

cc: Rishi Bhandari