UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEO-GROUP COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VIPIN SHAH, <br><br> Defendants, | Index No. Index No. 15-cv-01756 (KPF) <br><br> **Declaration of Nayana Shah** |

I, NAYANA SHAH, of full age, pursuant to 28 U.S.C. §1746, hereby swear and declare as follows:

1. I am over 18 years of age.

2. I currently reside in Williston Park, New York with my husband Vipin Shah.

3. I recently submitted a declaration in this matter, which I understand was filed with the Court on October 18, 2022 and is available on the public docket of this case.

4. I submit this declaration in response to the Court's November 4, 2022 Order, which my attorney, Shomik Ghosh, shared with me and Vipin.

5. In response to the Court's Order, I hereby declare that my husband, Vipin Shah, was never a shareholder in Jaina Network Systems, Inc. ("JNS"). Rather, as I explained in my prior declaration, JNS always had four shareholders—myself (25%), Mahendra Shah (25%), Frank Vella (25%), and Surajit Bose (25%). I have not received any notice that any of the shareholders listed above have given up their shares.

6. I have also reviewed the documents GCI identified in its October 27, 2022 letter to support its claim that Vipin and other individuals were shareholders of JNS. Those assertions are

incorrect, and the shareholder list which was sent to GCI—which states that myself, Mahendra Shah, Frank Vella, and Surajit Bose were JNS' only four shareholders—does not need to be revised further.

7. Likewise, while I have reviewed the documents GCI cites for support that Vision Impex Ltd. and NexVoiz did not make loans to JNS, financial records that have been produced as part of the settlement make clear JNS received loans from the two entities and booked those transfers as loans. Likewise, those records do not indicate TD Time loaned money to JNS. Thus, the loans list does not need to be revised further.

8. My husband and I have complied with all of the searches required by the settlement agreement we entered into on July 1, 2021, at significant personal expense. Indeed, we have very little personal funds left because of the discovery costs we have incurred with regards to the settlement.

9. We have fully conducted each search as required by Section 1(b)(iii) of the settlement agreement and have produced any and all responsive documents identified without any exception. GCI's suggestion that there are Category 2 and 3 documents that we have not produced is thus incorrect and extremely frustrating, as we have incurred significant costs engaging in these searches. Indeed, it is my understanding that we have produced over 200,000 documents to GCI as a result of this Agreement. We have held nothing back.

10. Finally, neither myself nor my husband had any substantive role in Jaina's day-to-day business operations, let alone with regards to its technology or IT equipment. Instead, Surajit Bose was responsible for Jaina's operations, including its technological and IT equipment. Neither myself nor Vipin have any personal knowledge of what the passwords for any of the servers might be, nor specific passwords for files besides those that I understand were included in the productions

we have made to GCI.

11. Jaina has not functionally operated since 2015. It has not had any employees for at least the last five years. It has no IT staff, active email accounts, or any business operations. While Surajit Bose may know which passwords were used at Jaina, or know who would know that information, we do not have that knowledge nor know Mr. Bose's location or current circumstances.

12. As I mentioned in my previous declaration, both my husband and I are currently of poor health and in dire financial condition. We pray nightly that this matter will soon conclude, so that we may spend what remaining time we have with our family. We lost everything to Jaina, first through its abhorrent management by Mr. Bose and second through GCI's lawsuit against Vipin. As a result, we have nothing left to give.

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 2, 2022

_____
Nayana Shah