# THE LOREE LAW FIRM

PHILIP J. LOREE JR

December 23, 2022

**VIA ECF and EMAIL**

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re: Geo-Group Communications, Inc. ("GCI") v. Shah, et. al., No. 15 Civ. 1756 (KPF) | GCI's Response to December 2, 2022, Status Report (the "Status Report")

Dear Judge Failla:

We represent Plaintiff GCI and write to respond to the Status Report. (Dk. 371).

**The Shahs Have not Produced all Responsive Documents or Complied with § 1(b)(iii):**
"Responsive documents," are, according to the November 4, 2022 Order, the Category 2 and Category 3 documents identified in Section 1(b)(i) of the Settlement Agreement. (See Dk. 362 at 4-5, 7, & 12.) The Shahs claim to have produced all "responsive documents," and to have performed all searches required by Section 1(b)(iii) as interpreted by the Court. That is not true. The documents are not responsive (see below) and the Shahs have not performed the searches in accordance with the Court's July 18, 2022 Order which requires them to search for the entity devices containing these documents. But they instead claim Jaina was abandoned and, despite having ready access to Jaina's devices through at least April 2017, and even though they continue to lease the 235 Hillside Avenue premises, the Shahs have not: (a) acknowledged it was they who abandoned Jaina; (b) disclosed what became of the devices; and (c) identified the persons presently having possession or custody of the devices. That violates Section 1(b)(iii)(c) of the Agreement as interpreted by the Court. (See (Dk. 371-1 at ¶ 9 & 11; Dk. 350 at 9, 10-11.)

**The Shahs Produced no Responsive Documents in 2022**. The Shahs produced about 204,145 pages of documents in November and October 2022, none of which is responsive. They also produced some inaccessible QuickBooks files, without working passwords. But: (a) V. Shah, the attorneys, CPAs, and others used Jaina's QuickBooks files during the responsive 2013-2015 period; and (b) V. Shah knew which of Jaina's computers contained QuickBooks files and the passwords. (See Dk. 356 at 8; Dk. 349 at 9 & 10.) GCI suggested solutions to the password problem and requested the Shahs to ascertain the present location of Jaina's computers and drives but the Shahs did not respond. (See Ex. A at 2)

**Documents Produced in November 2021:** GCI has not received any of Jaina's 2014 invoices, additional paid in capital documents, or the 2013-2015 QuickBooks general ledger.

December 23, 2022

Hon. Katherine Polk Failla
United States District Judge

GCI has, however, received the "Customer Spreadsheet" (SHAH49547; see Dk. 370 at ¶¶ 8-12) certain "master worksheet" documents providing financial information for the period 2010 through 2015, and a few Category 2 or 3 documents.

**Lists:** N. Shah swears the lists of Jaina shareholders and Jaina lenders are accurate and complete despite all evidence to the contrary. (See Dk. 367-1, at 1-2, ¶¶ 5-6; Dk. 360 at 8-16) As to shareholders, the Court, after considering N. Shah's first declaration, directed "the Shahs to submit a declaration. . . from an affiant with knowledge of the dispute. . . ." (Dk. 362 at 10 of 12.) GCI believes that Your Honor intended the Shahs to have an affiant other than N. Shah make the declaration, and for the declaration to state the basis of its conclusions. But all the Shahs have done is have N. Shah sign another declaration in which she repeats, without explanation, that documents to the contrary (including ones signed by her or submitted to the IRS) are "incorrect." (Dk. 367-1 at 2-3, ¶ 6.) If what N. Shah says is truthful, then: (a) all the evidence cited by GCI, including tax returns, a loan application, and various representations to investors and shareholders, was somehow wrong, or (b) Jaina made materially false statements to the IRS, Citibank, investors and others. (Dk. 360 at 8-15) And, if no shares were available, there is no explanation why N. Shah and M. Shah conveyed 1% shareholding interests to Ketan Shah and Gaurav Sharma. (Dk. 360 at 13, Dk 360-27 at 2-3)

N. Shah's sworn statement about N. Shah and V. Shah having no "substantive role in Jaina's" operations is not only contradicted by countless emails, but a Jaina payroll document produced in October 2022, which demonstrates that in 2010 alone, N. Shah (hired June 28, 2006), and V. Shah (hired February 27, 2008), each was a Jaina employee paid *90,000 per year* who was given 401k Plan benefits. M. Shah (hired on June 28, 2006) earned $60,000 per year, and N. Shah's sons Nishant and Vishal $32,400 and $60,000. Surajit Bose was not on the payroll. (See Ex. B, Dk. 376-2, at 6-7, 9, 11 & 16.)

**Additional Paid-In Capital:** According to N. Shah, there were four Jaina shareholders, each with a 25% interest. All four must have contributed, withdrawn, or received distributions of, equal amounts of additional paid-in capital at the times reflected in the tax returns referred to in Section 1(b)(i). The Shahs should have financial records concerning N. Shah's payment and receipt of her 25% shares of the additional paid-in capital contributed, withdrawn or distributed for or during 2011 through 2015, as well as V. Shahs' shares (if any) of such additional paid-in capital. (See Dk. 338 at § 1(b).)

**The Siddiqi Declaration is Inadequate:** Mr. Siddiqi's Declaration states: "[m]ore particularly I have not been *provided* with information or documents by the Shahs with respect to the following[,]" and then proceeds to list the Category 2 and 3 documents (nine of Section 1(b)(i)'s 13 bullet points). (Dk. 367-2 at 2-3, ¶ 8) (emphasis added). But Siddiqi says nothing about whether he has any documents or information pertinent to the three lists and limits his response about Category 2 or 3 documents to documents and information "provided" by the Shahs. (See Dk. 362 at 4-5.) Given Siddiqi's status a counsel of record in an adverse posture to GCI, the Court should require Siddiqi to disclose and produce the information and documents he or his firm has that prompted him to advise V. Shah to say in draft court papers that he was "indisputably" a Jaina shareholder. (Dk. 360 at 13; Dk. 360-25 at 3 of 3)

**Anil Arora Subpoena:** Today Mr. Arora produced certain documents, which we are reviewing.

December 23, 2022

Hon. Katherine Polk Failla
United States District Judge

**Relief Requested:** GCI respectfully requests the Court order the Shahs to: (a) supplement N. Shah's declaration to state their knowledge and information concerning existence and location of all Category 2 and 3 documents, including what became of Jaina's documents and devices and what person(s) presently have possession or custody over them; (b) produce all financial records concerning: (i) N. Shah's payment, receipt, withdrawal or distribution of her 25% share of additional paid-in capital from 2011 through 2015; and (ii) V. Shah's share of any such additional paid-in capital; (c) if the Shahs contend they do not have possession, custody, or control over such additional paid-in capital documents, state in detail the basis for that statement, and disclose any knowledge or information they have about the existence and location of such documents; (d) obtain from an affiant other than N. Shah a declaration concerning the shareholders, which complies with Dk. 362 at 9, 10, & 12; and (e) if the affiant concludes the shareholder list is accurate and complete, explain the basis for that conclusion in light of the evidence. GCI also respectfully requests the Court to order Mr. Siddiqi to explain in a supplemental declaration whether he or his firm has possession or custody of: (a) Category 2 or 3 documents (regardless of source); or (b) documents or information pertinent to the three lists, and, if so, to disclose that information and produce those documents.

                                    Respectfully submitted,

                                    Philip J. Loree Jr.

cc: Shomik Ghosh, Esq. (by ECF and email)
Humayun Z. Siddiqi, Esq. (by ECF and email)
Mr. Govind Vanjani (by email)
Pro Se Dismissed Defendant Mahendra Shah (by email)
All other parties and counsel of record (via ECF)